### Joshua Wilkinson v. Addison Holiday.

*Contract for purchase of personal property: Title: Mutual assent.* Where under a contract for the purchase of personal property something remains to be done to identify the property, or put it in condition for delivery, or determine the sum to be paid for it, the presumption is strong, but not conclusive, that by the understanding of the parties the title was not to pass until such act had been fully done; the question is only one of mutual assent.

*Personal property: Transfer of title: Delivery.* While delivery is usually the most significant fact to prove the transfer of title, it is not conclusive, as there may be an express understanding to the contrary, and so likewise there may be an implied one.

WILKINSON *v.* HOLIDAY.

*Title: Delivery: Mutual understanding: Question of fact.* The question in this case, whether by the understanding of the parties the title was to pass with the delivery of the logs to the boom company, under the circumstances is held to be one of fact that ought to have been left to the jury.

*Submitted on briefs January 19. Decided April 5.*

Error to Saginaw Circuit.

This was an action to recover part of the purchase price of logs alleged to have been sold and delivered by Holiday to Wilkinson. It appeared that defendant bargained with plaintiff for the purchase of one hundred and thirty-seven white ash logs then lying in the south branch of Bad river, and paid him fifty dollars towards the purchase price. The plaintiff was subsequently during the season to run the logs as far down stream as the limits of the Bad river boom, and the logs were to be scaled under rope, and said scale to be the basis of settlement at the price of eight dollars per thousand feet. There was evidence tending to show that the logs were run down to the place designated; but the defendant denied having ever received any of them. There was no showing that they were ever rafted out of the boom or scaled under rope. There was evidence tending to show that the logs, after reaching that part of the river controlled by the booming company, were surreptitiously taken from their possession by a third person or persons. The cause was tried by jury and verdict found for plaintiff. The defendant brought error.

*Gillett & Holden,* for plaintiff in error.

*Albert Trask,* for defendant in error.

COOLEY, CH. J:

Where, under a contract for the purchase of personal property something remains to be done to identify the property, or to put it in condition for delivery, or to determine the sum that shall be paid for it, the presumption is always

very strong that by the understanding of the parties the title was not to pass until such act had been fully done and accomplished. But the presumption is by no means conclusive. If one bargains with another for the purchase of property, and that is done in respect to it which the parties agree shall pass the title, nothing more is generally requisite. The question is only one of mutual assent; whether the minds of the parties have met, and by their understanding the purchaser has now become owner. This is the general rule where the case is not within the statute of frauds. If one purchases gold bullion by weight and receives delivery before it has become convenient to weigh it, and on the understanding that the weighing shall be done afterwards, there can be no reasonable doubt, unless there are some qualifying circumstances in the case, that the bullion has now become his property and is at his risk.—*Lingham v. Eggleston, 27 Mich., 324.*

But we do not see how the judge could say, as matter of law, that delivery according to the understanding passed the title to the logs in this case. Delivery is usually the most significant fact in such a transaction, but it is not conclusive. One may receive delivery of something he has bargained for on the express understanding that the title shall not pass until the weighing or measuring which is to determine the price has been done. And if there may be an express understanding to that effect, so there may be an implied understanding of a like character. In this case delivery was to be made, not to the purchaser, but to the booming company, and the question at issue really is, for whom was the company bailee after the logs had been so delivered. The fact that the defendant was to pay the company's charges raised a strong presumption that they were held for him, and that the company was his bailee. But, on the other hand, the fact that the logs were to be subsequently scaled in order to determine how much should be paid, had a tendency to rebut this presumption. Moreover, no credit appears to have been agreed upon, and the

WILKINSON *v.* HOLIDAY.

legal inference is, where that is the case, that payment was to be made before the purchaser was to be at liberty to remove the property. This fact would also tend to show that while the booming company should hold the logs they would hold them for the seller.

The charge of the judge assumed that the title to the logs passed to the purchaser as soon as they had been delivered at the place in the river which the jury should find was the one agreed upon. Perhaps the jury may have reached this conclusion as an inference of fact from the evidence, but we cannot say that the opposite conclusion would have been unwarranted. However this may be, the question was one of fact, not of law.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.