MEYER SANDLER v. TIMOTHY BRESNAHAM.

*Replevin—Completed sale—Harmless error as to date.*

1. The error of charging, in a replevin suit, that if plaintiff had bought the chattels on a certain day, they belonged to him from that date, was harmless in a case where plaintiff recovered, if the plaintiff's title, though not perfected then, was complete before defendant had seized the chattels.

2. One can bring replevin for goods sold to him, if they have been identified, even though he has not yet received and weighed them, nor agreed upon or ascertained their quantity.

3. Where the record does not show how a jury made up its award of damages, but the evidence would warrant the award as made, it will not be presumed that the jury included any improper items.

Error to Muskegon.    (Russell, J.)    April 24.—April 30.

REPLEVIN.    Defendant brings error.    Affirmed.

*Smith, Nims, Hoyt & Erwin* for appellant.

*Frank G. Holmes* for appellee.

COOLEY, C. J.    Action of replevin for a quantity of scrap-iron.    The plaintiff resides in Grand Rapids, and claims title to the iron through a purchase made from one Snher, on January 6, 1883.    It appears incidentally in the case that defendant, when the property was taken from him on the writ in this case, was holding the property under a writ of attachment against Snher, which was levied January 10, 1883.

The defendant, however, did not justify under the attachment, and he seems not to have pleaded in the case.

The plaintiff had never had possession of the iron, and to show his right to maintain the suit it became necessary for him to prove the purchase from Snher. His evidence was that on January 6, 1883, he had a conversation with Snher in which he agreed with him upon the purchase of a car-load of scrap-iron at Muskegon, to be sent to him by rail, and the freight to be paid by Snher. The price was agreed upon, and seven dollars and a half was paid upon it by plaintiff. Snher had at the time a car partly loaded at Muskegon, and was negotiating for the purchase of more from Ryerson, Hills & Co. He finished that negotiation January 9, 1883, and on that day completed the loading of the car from the amount purchased, and drew upon the plaintiff in favor of Ryerson, Hills & Co. for $35 in payment. He also put into the car some kerosene barrels which he intended for the plaintiff, but which it does not appear that the plaintiff had bought, or otherwise acquired a title to. The draft to Ryerson, Hills & Co., plaintiff, by telephone, promised them to accept at the time they took it.

The court charged the jury that if they should find from the evidence that the plaintiff bought the iron of Snher on January 6th, then it belonged to the plaintiff from and after that day.

The evidence did not tend to show a purchase on January 6th. A part of the iron Snher did not own and could not have sold on that day; and the negotiation between the plaintiff and Snher did not contemplate the transfer of title to any particular lot of iron then designated, but to a car-load of iron to be afterwards made up. But when the car-load was actually made up on the 9th, and a draft made and delivered to a third party and accepted for the purchase price, or a part of it, the plaintiff became entitled to the iron thus set apart for him; and as this was before the attachment was levied, it is immaterial that it was on a day subsequent to the day mentioned by the judge in his charge. The error was quite harmless. The property being identified, it was imma-

terial that it had not yet been received and weighed by the plaintiff, and the quantity agreed upon or ascertained. *Adams Mining Co. v. Senter* 26 Mich. 73; *Lingham v. Eggleston* 27 Mich. 324; *Hatch v. Fowler* 28 Mich. 205; *Hahn v. Fredericks* 30 Mich. 223; *Wilkinson v. Holiday* 33 Mich. 386; *Grant v. Merchants' etc. Bank* 35 Mich. 515; *Scotten v. Sutter* 37 Mich. 526; *Brewer v. Salt Ass'n* 47 Mich. 526.

On this writ no question is made concerning the kerosene barrels, but it is complained that [the jury] gave damages which included some part of the costs which the defendant had been obliged to pay in this suit. The record, however, does not show how the jury made up their award of damages, and it was possible for them, on the evidence, to give what they did without including any improper items.

The judgment must be affirmed.

The other Justices concurred.