MICHAEL v. MILLS ET AL.

1. DISCRETION.

Orders overruling applications for continuance and for change of place of trial, on the ground of prejudice of the inhabitants of the county and for the convenience of witnesses, are discretionary with the trial court, and are reviewable only in case of manifest abuse of discretion.

2. APPELLATE PRACTICE.

In order to obtain a review of a ruling upon a pleading supposed to be defective, the pleading must be set out in the printed abstract, and error assigned to the ruling thereon.

3. PRACTICE.

It is not error to exclude evidence of a fact admitted by the pleadings.

4. SAME.

An objection to a pleading on the ground that it is not specific or certain, if not made by special demurrer or motion, is waived.

5. SAME.

It is not error to refuse to instruct the jury upon questions not raised by the pleadings.

6. ADVERSE SUITS.

An adverse mining suit involves the validity of the respective locations under the mining laws.

7. MINING CLAIMS—LOCATION.

To constitute a valid location of a lode mining claim, the discovery must be within the limits of claim located, and upon unappropriated territory.

*Error to the District Court of Park County.*

Mr. A. J. STERLING and Mr. A. S. BLAKE, for plaintiff in error.

Mr. C. A. WILKIN, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This is an action in support of an adverse claim filed by plaintiff in error as plaintiff below, and was brought to try the possessory right and title to the ground in conflict between the Rogers lode claim, owned by the plaintiff, and the W. H. M., Harold and Arthur lode claims, owned by the defendants,

There was a trial before a jury, which found that the defendants were entitled to the possession of the ground in controversy, upon which the court entered judgment in favor of the defendants, to reverse which the plaintiff brings his writ of error to this court.

Ten assignments of error are filed and argued. The first relates to an order of the court overruling the plaintiff's application for a continuance on the ground of the excusable absence of four material witnesses. The second assignment questions the order of the court denying plaintiff's application for a change of the place of trial on the ground of the prejudice of the inhabitants of the county and the convenience of witnesses.

Such orders are discretionary with the trial court, and are reviewable only in case of manifest abuse of discretion. The record justifies the ruling of the court upon both of these applications. The order setting the case for trial on May 23, 1893, was made on the 16th day of the same month. On the day of the trial these applications were filed by the plain-

tiff without any previous intimation that they would be made, or notice to the defendants of the grounds upon which they were based. The showing of diligence by the plaintiff as to the efforts made to secure the presence of witnesses, or their depositions, was insufficient. The names of three of the witnesses were not given, nor was there any reasonable showing that any of them could probably be secured at any subsequent term of the court. No reason was furnished why these applications were not sooner made, and in the affidavits in support of these motions it appears that the alleged reasons therefor were known to the plaintiff long prior to the term of the court when the applications were made.

The reasons given why the change of venue should be granted, and the facts upon which it was based, were controverted by the affidavits filed by the defendants in resisting the application; and as the defendants were ready for trial with their witnesses, it was certainly no abuse of discretion to deny these applications.

When the case was called for trial, plaintiff's counsel orally moved the court to settle the pleadings, because the answer contained conclusions of law, and not a statement of facts. We are at a loss to know just what rule of practice counsel had in mind, but such a motion by name, so far as we are advised, is unknown to our practice, though possibly counsel, by a proper pleading and at the appropriate time, might have raised the objection now urged in the argument. But the objectionable pleading, or the part thereof which is said to be defective, is not set out in the printed abstract in accordance with rule 14 of this court, nor is any error assigned to the ruling of the court thereon, and, for this reason, we decline to consider the point attempted to be raised.

Plaintiff in error complains that the court refused to admit in evidence a certified copy of his adverse filed in the United States land office. There was no error in this, for the defendant's pleadings admitted the allegation of the complaint that the adverse was duly filed, and the defendants themselves, in making out their case, introduced in evi

dence this identical adverse plat, etc., and the court in its instructions necessarily assumed that the plaintiff had complied with the law in this particular, and that there were established the jurisdictional facts which must exist before the court can try this kind of action.

In his argument, counsel alleges error of the court in admitting the testimony of defendants' witnesses Smith, Powless and Mills, introduced in support of their answer, and in the refusal of the court subsequently to withdraw this testimony from the jury because there were no facts pleaded in the answer to which the testimony was responsive. An inspection of the answer discloses that, if objectionable at all, it was subject to a special demurrer or motion on the ground that the same should be made more specific or certain; but, as the objection was not so taken, it is waived. Code of 1887, sec. 60.

All of the instructions are not set out in the printed abstract, but we have examined them as they are contained in the bill of exceptions, and find that they fairly and properly instruct the jury upon all the issues raised at the trial. Those asked by the plaintiff and refused were given by the court of its own motion, so far as good and applicable to the evidence.

As the question of forfeiture, for failure to do the annual assessment work, was not raised by the pleadings, and as, under the evidence, no such question properly could be raised, and as it was unnecessary in this case in the state of the pleadings and evidence—if such an issue is ever properly triable in this character of action—to charge the jury as to the amount and value of the work and improvements which defendants must put upon their lode claims before they were entitled to a patent, the refusal of the court to instruct the jury upon these points was not error.

The fifth instruction asked by plaintiff defining the possessory rights of a prior occupant, or first locator, if correctly stating the law, ought not to have been given, for this action is not an ordinary action to recover the possession of real

property, but, in effect, involves the validity of the respective locations under the mining laws. *Becker v. Pugh et al.*, 9 Colo. 589.

The plaintiff asked the court in substance to instruct the jury that to constitute a valid location of a lode mining claim it was not necessary that a vein or lode of mineral bearing rock in place should be discovered *within the limits* of the claim attempted to be located, but that a valid location might be made, if in other respects complying with the law, if the discovery of a vein is made by the locator upon an adjoining location owned by him and others, which vein, if maintaining the same strike as at the point of discovery, would pass into the claim attempted to be located, although, as a matter of fact, the vein is not traced or shown to have passed into the latter location.

This contention is based upon a supposed analogy existing between annual assessment work, which may, in certain circumstances, be done outside the claim, and a valid discovery, which is a condition precedent to a valid location in the first instance. This contention is contrary to all previous announcements upon this subject, finds no support in the federal or state statutes, and, in the absence of a decision by the supreme court of the United States to that effect, we decline to establish such a doctrine. The discovery must be within the limits of the claim located, and upon unappropriated territory. Rev. Statutes U. S., sec. 2320; Gen. Statutes of Colo. (1883), sec. 2401, *et seq.;* Mills' An. Statutes, sec. 3152; *Armstrong et al. v. Lower*, 6 Colo. 393.

We have carefully considered all of the errors which have been argued by the learned counsel, and find them without merit, and are satisfied of the correctness of the judgment, and accordingly it will be affirmed.

*Affirmed.*