[No. 3928.]

## De St. Aubin v. Marshall Field & Co.

**1. Contracts—Sales—Parol Evidence—Written Instruments.**

The rule that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument does not apply to written instruments introduced to establish an agreement, which are merely in execution of a contract which they do not profess to show or which are but incidents or results of such contract. Where, by an oral agreement two separate stocks of goods were transferred and afterwards a bill of sale was made and delivered including only one of the stocks, parol evidence was admissible to prove the contract and to show that it included both stocks.

**2. Contracts—Sales—Replevin.**

Where a firm transferred two stocks of goods the vendee entering into possession, and afterwards by a tripartite agreement between the vendee, a member of the vendor firm and a creditor of the firm, the vendee transferred both stocks back to the vendor who transferred them to the creditor, but the bills of sale afterwards executed included only one of the stocks which the creditor took possession of, the contract for both stocks was an executed one and the purchasing creditor might maintain a suit in replevin to recover possession of the other stock of goods, and the fact that the party directly transferring the goods to him was not in possession at the time could not affect his right to maintain his action, since he claimed the transfer of both stocks to him by the tripartite agreement between the three parties and he was entitled to maintain the action independent of the subsequent transfer of the member of the debtor firm.

**3. Practice—Motion for Nonsuit.**

A motion for a nonsuit cannot be sustained when there is evidence tending to prove a contrary state of facts from those relied upon in support of the motion, if such evidence is sufficient to support a state of facts entitling the party against whom the motion is made to maintain his action.

**4. Sales—Consideration—Waiver—Replevin.**

In an action of replevin for possession of a stock of goods claimed under a tripartite agreement whereby defendant transferred the stock to a third party and that party to plaintiff, it was not error to refuse to permit defendant to show that property upon which he accepted a deed of trust, from the third party, as part consideration for the transfer, was incumbered by an attachment at the time he accepted it, where he did not offer to show that he accepted it in ignorance of the attachment, or that upon discovery of its existence

he had offered to reconvey the property covered by the deed of trust, but at the time of the trial it appeared he still claimed under the deed of trust. Having accepted the deed of trust, and continued to claim thereunder after knowledge of the incumbrance, which he might have objected to at the time he received it, he waived his right to object on that account.

5. Sales—Consideration—Evidence.

In an action of replevin by the purchaser of a stock of goods against the seller it was not error to refuse defendant's offer of evidence which he claimed would show that the consideration which he was to receive had never been paid, where the offer did not specify what the testimony would be tending to prove that conclusion nor the ultimate fact upon which he relied to support his contention upon that point.

6. Instructions.

It is not error to refuse to give an instruction asked if the substance of the instruction has already been given in other instructions.

7. Instructions—Preponderance of Evidence.

An instruction that advises the jury that plaintiff is required to establish the facts entitling him to a recovery by a fair preponderance of the evidence, is not subject to objection by defendant because it required the facts to be established by a " fair preponderance " instead of a preponderance, as it was more favorable to defendant as given.

8. Instructions—Assumption of Truth of Pleading.

An instruction that told the jury that plaintiffs in their replication gave a history of the transaction, giving in substance the statements of the replication, was not objectionable as assuming the truth of the statements of the replication.

9. Same—Party at whose Request Given Bound by Theory of.

Where a cause is submitted to a jury upon a theory adopted by one of the parties to the action through instructions given at his request, he cannot be heard to complain that such theory was erroneous.

*Appeal from the District Court of Garfield County.*

Action in replevin by appellees, as plaintiffs, to recover from appellant, as defendant, certain personal property. From a verdict and judgment in favor of plaintiffs, the defendant appeals.

Mr. John T. Shumate and Mr. Ernest A. Martin, for appellant.

Messrs. Rogers, Cuthbert & Ellis, for appellees.

Mr. Justice Gabbert delivered the opinion of the court.

The subject-matter of controversy in this action is the ownership and right of possession of a stock of merchandise at Glenwood Springs. Up to July 18, 1896, Magnan & Company owned this stock, as, also, another at Aspen. On this date they sold both stocks to appellant, who thereupon took possession. At this time Magnan & Company were indebted to appellees. For the purpose of paying this indebtedness, the latter claimed the following mutual arrangement was effected: The transaction between appellant and Magnan & Company was rescinded, and the stocks of merchandise returned to A. U. Magnan, of Magnan & Company, who, in turn, transferred the same to the appellees. On behalf of appellant it is claimed that the subsequent arrangement upon which appellees rely, so far as they were concerned, only included the Aspen stock, and as to the Glenwood stock, the arrangement was that appellant agreed to sell the same to A. U. Magnan upon certain terms and conditions, which he has not fulfilled. What the arrangement was with respect to the Glenwood stock is the controverted question of fact. The evidence on behalf of appellees, if competent, tended to prove that the transaction by which they became vested with the title to the stock in controversy was substantially as they claimed, and that they have complied with their agreement. On behalf of appellant the testimony tended to establish his version of the arrangement, and that A. U. Magnan has not performed his agreement with him, under which he was to purchase the Glenwood stock. Numerous errors are assigned, based upon the ruling of the court in giving and refusing instructions, and the admission and rejection of testimony, which makes it necessary to give a brief synopsis of the testimony received, the offers rejected, and the substance of some of the instructions given and refused.

At the time the alleged tripartite agreement was made, upon which appellees base their right to the Glenwood stock, a bill of sale was executed by appellant to Magnan for the

Aspen stock, who thereupon transferred this stock to appellees by bill of sale.   Over the objection of appellant, the court admitted oral testimony which tended to prove that by the tripartite agreement, the Glenwood stock was included and transferred to the appellees.   It was to the effect that it embraced the stock theretofore transferred by Magnan & Company to appellant.   They did not plead either fraud or mistake, with respect to these bills of sale, or any part of the transaction.   Magnan was permitted to state, over the objection of appellant, that he noticed the bills of sale did not include the Glenwood stock; that he called appellant's attention to that fact, and that they then agreed, without the knowledge of appellees, that they would close the deal, and that he (witness) would consent to appellant holding the Glenwood stock until the conditions which witness and appellees were to comply with, in consideration whereof appellant was to transfer both stocks, were executed; that this arrangement was made with intent to deceive appellees, and enable witness to withhold the Glenwood stock.   The considerations which appellant was to receive for his transfer of these stocks, as stated by Magnan, were a deed to certain property, a deed of trust upon other real estate, and a transfer of certain life policies.   These considerations have passed to him, but, it is claimed, that the property included in the deed of trust was incumbered by an attachment, which should have been released.   He did not offer to prove that he had accepted this deed of trust without knowledge of the existence of the attachment, or that on learning of this incumbrance, he had offered to release this security.   Magnan thereafter executed a bill of sale transferring the Glenwood stock to the appellees. Upon this evidence of the transfer of the stock in dispute, as, also, upon the alleged tripartite agreement, appellees rely to maintain this action.

At the conclusion of the testimony on their behalf, appellant moved for a nonsuit, grounds for which, so far as necessary to notice, were to the effect that the vendee of personal property in the actual possession of another claim-

ing title, cannot maintain an action of replevin therefor, and that under the evidence they have misconceived their remedy, in that they should have brought action for damages, and not for replevin. This motion was denied. It is claimed that the court erred in giving and refusing instructions numbered as follows, which are, in substance, (2) the burden of proof was upon the appellees to establish the facts entitling them to a verdict by a fair preponderance of the evidence.

By instruction No. 21, tendered by appellant and refused, a request was made to instruct the jury to the effect that the burden rested with appellees to establish their right to the possession of the property in dispute, at the time of the commencement of the action, by a preponderance of the evidence.

By another instruction, given at the request of appellant, the jury was advised that appellees could not maintain this action unless they were entitled to the immediate possession of the goods in controversy at the time it was commenced.

By No. 4, the court advised the jury the grounds upon which appellees rely for a recovery, as stated in substance in the replication, prefacing it with this statement: " Plaintiffs, by their reply, give us a history of the transaction and claim."

The first point made by counsel for appellant is, that parol evidence was not admissible to prove that the mutual arrangement claimed by appellees to have been entered into included a transfer to them of the stock in question, for the reason that the bills of sale executed at that time only described the Aspen stock, and their terms could not be contradicted by parol contemporaneous evidence in the absence of an averment of fraud or mistake in their execution. The rule that " parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument," which is invoked in support of this proposition, is not applicable. The transfer of personal property by sale, need not be evidenced in writing. Neither bill of sale purported to be a settlement between the parties to the tripartite agreement, or as evidencing its terms and conditions. Appellees claimed that by this agreement both stocks were transferred to them.

A bill of sale of the Aspen stock was executed and delivered; they did not claim that the Glenwood stock was omitted therefrom through mistake or fraud practiced by either appellant or Magnan; they were simply attempting to prove that the tripartite agreement embraced both stocks. By the introduction of parol evidence tending to establish this contention upon their part, in connection with the bills of sale, they were not seeking to vary the terms of the latter; but to prove the agreement upon which they relied to establish their cause of action by evidence, part of which was written and part oral. By being permitted to do so, the rule that parol contemporaneous evidence is not admissible to vary the terms of a valid written instrument was not violated, because it does not apply to written contracts introduced to establish an agreement, which are merely in execution of a contract which they do not profess to show, or which are but incidents or results of such contract. *Taylor v. Galland,* 3 G. Greene (Iowa), 17; *Hahn v. Doolittle,* 86 Am. Dec. 757; 18 Wis. 196; *Wentworth v. Butler,* 3 E. D. Smith (N. Y.), 305.

Counsel for appellant contend that the motion for nonsuit interposed at the conclusion of the evidence in chief for appellees, should have been sustained, for the reason that by the terms of the tripartite agreement, the contract with respect to the Glenwood stock was merely executory, and that the failure of appellant to deliver possession of this stock would not make it the subject of replevin; in other words, that for a breach of contract of this kind, the remedy of appellees would be an action for damages, instead of one for the recovery of the specific chattels claimed to have been purchased. When this motion was interposed, the testimony tended to establish that the contract on behalf of appellees had been fully performed; that appellant had accepted the considerations for which he was to make the transfer of the Glenwood stock; therefore, the contract was no longer executory, but fully completed. If the testimony introduced on behalf of appellees on this subject was true, they were the absolute owners of this stock, and entitled to its possession, and could,

therefore, maintain replevin.   20 Enc. Law, 1064; *Sandler v. Bresnaham*, 53 Mich. 567 ; *Hatch v. Fowler*, 28 Mich. 205 ; *Lingham v. Eggleston*, 27 Mich. 324.

In support of this motion it is also claimed by counsel for appellant, that appellees cannot maintain this action upon the strength of a transfer of the stock from Magnan to them, because the owner of personal property cannot sell his right or title in it to another while it is in the actual adverse possession of one who claims title to it.   If appellees had established no right to the ownership and possession of the stock in question, except that based upon the bill of sale from Magnan to them, and the alleged execution of the agreement with respect to this stock between Magnan and appellant, the question raised would be fairly presented for consideration. They do not, however, rely upon those matters alone.   Their contention was, that by the terms of the tripartite agreement, the stock had been transferred to them.   The evidence tended to establish that they had fulfilled their part of the agreement, and under the authorities last above cited, they were entitled to maintain this action independent of any rights which they may have acquired by the subsequent transfer of Magnan to them of this stock.   A motion for nonsuit cannot be sustained when the evidence tends to prove a contrary state of facts from those relied upon in support of such motion, when such evidence is sufficient to support a state of facts entitling the party against whom the motion is made to maintain his action.

Appellant complains because he was not permitted to show that the property upon which he accepted a deed of trust from Magnan as one of the considerations which he was to receive for the transfer of the stock in dispute, was incumbered by an attachment at the time he accepted the instrument in question.   It appears that this deed of trust had been accepted by him, but he did not offer to show that he had accepted it in ignorance of the attachment, or that upon discovery of its existence, he had offered to reconvey the property covered by the deed of trust.   It also appears that at the time of the trial

he still claimed under the latter. Having accepted the deed of trust, and continued to claim thereunder after knowledge of the fact that it was subject to an attachment, which he might properly have objected to at the time he received the deed of trust, he must be held to have waived his right to make an objection on this account.

He also assigns error upon the refusal of the court to permit him to offer what he claims was competent testimony. The offers in this respect were to the effect that the consideration which he was to receive for a transfer of the Glenwood stock had never been paid, without specifying what the testimony would be tending to prove this conclusion, or the ultimate fact upon which he relied to support his contention upon this point. This offer was, therefore, properly rejected.

It is urged that instruction No. 2, given by the court of its own motion, is erroneous, because it required the appellees to establish the facts entitling them to a recovery by a fair preponderance of the evidence, and failed to state that their right to a recovery must be limited to the facts established and existing at the time the action was commenced. For these reasons, it is urged that instruction No. 21, tendered by appellant, should have been given, because it limited the testimony to a preponderance, and further stated that the rights of appellees must be determined by those existing at the time when they commenced the action. Regarding the latter criticism, it is sufficient to say that by another instruction, requested on behalf of appellant, and given, the court did, in effect, direct the jury that the rights of appellees to the possession of the property in dispute were those which the testimony established as existing when the action was begun. So that appellant cannot complain of either of the instructions noticed in this respect.

Regarding the criticism that the weight of the testimony by which appellees were required to establish the burden of proof cast upon them should not have designated that they must establish the facts upon which they relied for a recovery by a fair preponderance of the evidence, it is sufficient

to say that this instruction is more favorable to appellant than the one tendered by him and refused.   " Fair " means "free from clouds," "not obscure."   The use of this adjective, in connection with the word " preponderance," placed a greater burden upon the appellees than the latter, or made it necessary for them to establish the facts upon which they relied by more than a simple preponderance of the testimony. Therefore, appellant cannot complain.

Objection is made to instruction No. 4, because it gave, in substance, the statements of the replication upon which appellees relied for a recovery as against the affirmative averments of the answer of appellant, without stating that this was what they claimed to be the facts.   It is claimed that the court, by stating that in this reply appellees gave a history of the transaction, was, in effect, assuming that this history was true.   We do not think the instruction complained of is susceptible of this construction.

Other instructions given by the court which, it is claimed, were erroneous, and also instructions refused, which counsel for appellant claimed should have been given, we will not undertake to notice in detail, for two reasons:   (1) from what has been said it is apparent those given by the court were correct; and (2) those refused were embodied in the ones given.

In conclusion, and in answer to the proposition earnestly urged by counsel for appellant, that replevin could not be maintained for the goods in dispute, it is sufficient to say, that by instructions requested upon his behalf and given, the case was submitted to the jury upon the theory that if certain facts were established, the verdict must be in his favor.   The findings thereon were adverse to his contention. The evidence fully sustains the findings made by the jury on the questions of fact submitted for their determination under these instructions.   It therefore becomes unnecessary for us to pass upon the question of whether, if certain conditions existed, the action could not be maintained, because the trial court appears to have adopted appellant's theory regarding his defense.   Whether this was a correct one or not, is im-

material. The jury having found the facts against him upon which he relied to establish this defense, he is not in a position to complain. The judgment of the district court is affirmed.

*Affirmed.*