[No. 6542.]

## BRADBURY v. WHITNEY. .

1. CONTINUANCE—*Absent Witness—Motion—Affidavit*—A motion for the continuance of a cause over the term, on account of the absence of witnesses, the affidavit not showing that their attendance cannot, by diligence be procured in the pending term, may be denied on this ground—(291).

The affidavit must show the testimoy which it is expected that the absent witness will give, so that the court may judge of its materiality. The statement that it is "very material" is a mere conclusion—(291).

2. ——*Discretionary*—A motion for the continuance of a cause is in a large degree addressed to the discretion of the court—(290).

The action had been commenced in September. In June following it was set down for trial a month later. Of this the defendant had seasonable notice. Shortly before the trial defendant's attorney was suddenly called away upon important affairs, long pending, and left the cause in charge of another attorney. On the day appointed for the trial the defendant interposed an application for a continuance on the ground of the absence of two witnesses. The affidavit was sworn by his private secretary, the defendant himself not being present. As to one of the witnesses the affidavit stated that he had been suddenly called out of the state, but it was not shown that his deposition could not have been taken, nor that he would not return during the pending term, nor what testimony he could give. As to the other witness it stated that he was an engineer in the employment of a railroad company somewhere upon the line of its railroad. The only effort which was shown to procure his testimony was to address a letter to him, through the railroad company, to which no answer had been received. The motion being

denied the attorney retired from the cause and a verdict was rendered in favor of the plaintiff.

*Held*, that inasmuch as to one witness the materiality of his testimony was not shown, nor as to the other diligence in procuring his testimony, it was not to be said' that the court abused its discretion in denying the motion—(290-292).

3.   VACATING JUDGMENT—*Mistake—Surprise, Excusable Neg-lect*—A judgment is not to be vacated merely because a meritorious defense is shown. In the same case, on motion to vacate the judgment, it was held that inasmuch as the defendant knew nearly a month in advance that the cause was set for trial, his absence was not shown to be due to any mistake, surprise, inadvertence or excusable neglect; that as his private secretary who knew more of the case than defendant himself was present' at the trial, and another witness was accessible, who had much information in regard to the plaintiff's demand, it was an error on the part of the secretary and the attorney to retire from the case; that their action in the premises must be regarded as deliberate; and that none of the statutory grounds appearing (Rev. Code, Sec. 81) the motion to vacate the judgment was properly denied—(291-293).

*Error to Otero District Court—*HON. CHARLES S. ESSEX, Judge.

Mr. FRED A. SABIN for plaintiff in error.

Messrs. GLENN, BEALL & GOBIN for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the Court:

An action was commenced in the district court of Otero county by Whitney, as plaintiff, against Bradbury, as defendant, to recover for a certain amount of hay, alleged to have been sold and delivered to the defendant. The defendant answered, substantially denying the allegations of the complaint. The case was regularly set for trial on July 9th. Before the day of trial, the defendant's attorney was compelled to go East on important business. He left the matter in.

charge of another attorney, and so informed the defendant. On the trial day, a motion for a continuance, supported by affidavit, was presented by this other attorney to the court. The motion was based upon the ground that the defendant could not safely proceed to trial on account of the absence of certain witnesses. The motion for a continuance was denied. The case was called for trial. For some reason, the attorney, who had been left in charge of the matter, withdrew when the continuance was denied, and it appears that, at the trial, plaintiff and his counsel were present, while the defendant came not, either in person or by attorney. A trial was had, evidence introduced on the **part of** plaintiff, and a verdict returned against the defendant, upon which verdict a judgment was entered on July 9th. Nothing more was done in the case until August 16th, when the defendant filed a motion to vacate and set aside the verdict of the jury, and the judgment entered thereon, on grounds which were briefly, in substance, that the hay mentioned in the complaint was sold and delivered to another party, and not to the defendant, and the defendant was not, in any manner, liable for it; that while the defense had been fully set forth in the answer, there had never been any trial of the issues, and the defendant did not have his day in court; that his failure to make a defense was through no fault of his, and was entirely excusable; that the defendant lived in Denver and was not in possession of all the facts necessary to his defence, and the evidence of certain agents and employes of the defendant, at the time, was necessary to establish the defense; that for certain reasons mentioned, these witnesses could not be obtained at the trial, and the facts to which they would testify were set out; that the attorney of the defendant was, on the 5th day of July, peremptorily called East on business, which had been pending for some months; that he left the case in

charge of another attorney, not knowing that the witnesses would or could not be present, but believing that at least one would be; that, in consequence of the absence of said witnesses, no testimony was introduced on behalf of defendant, and that the testimony introduced on behalf of plaintiff was insufficient to entitle the plaintiff to recover. A transcript of plaintiff's testimony was introduced in support of the motion. This motion was made under section 81 Rev. Code, which provides that the court may "upon such terms as may be just, and upon payment of costs, relieve a party or his legal representatives from a judgment order or other proceeding, taken against him through mistake, inadvertence, surprise or excusable neglect." The motion to vacate was overruled. The defendant made a strong showing of merit in connection with this motion, but no matter how much it may be desired to afford relief, this court can not, on review, reverse the judgment without overturning some well established rules of practice enjoined both by statute and by previous decisions. For nearly a month previous to the day fixed for trial, the defendant had full notice that the case was set for trial. The motion for a continuance is addressed, in a large degree, to the discretion of the time the case was called.

If section 421 Rev. Code will permit a review of the action of the court upon the motion for a continuance, that action can not be disturbed. It has been repeatedly said by this Court that a motion for a continuance is addressed, in a large degree, to the discretion of the trial court, and the ruling thereon will not be disturbed, unless it appears that there was an abuse of discretion.—*Dawson v. Coston,* 18 Colo. 493; *Michael v. Mills,* 22 Colo. 439; *Purse v. Purcell,* 43 Colo. 50.

Section 194 Rev. Code provides that, "a motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the ma-

terialty of the evidence expected to be obtained, and that due diligence has been used to procure it." The motion for a continuance in this case asked for a postponement until the next term of the court. Reference to section 1458 of the Revised Statutes reveals that the trial day on July 9th was in the June term of the district court then in session. The next term of the district court began on the third Monday in October. The record does not disclose that the June term was about to end in July. It does not appear that it was at all necessary to postpone the trial of the case until October, or that the evidence desired could not have been procured long before October, and before the adjournment of the June term, by the exercise of due diligence. The affidavit stated that one of the witnesses had been suddenly called out of the state, but it is not made to appear that he would not return until October, or until after the adjournment of the June term of court, or that his deposition could not be taken. Furthermore, the materiality of the testimony expected to be obtained from him was not shown by the affidavit as the statute requires. In fact the affidavit said that the affiant was not informed as to the nature of the testimony that the witness would give, but affiant had been informed that it was material. When the affiant said merely that the testimony was material, he stated only a legal conclusion, and when he said that he did not know what the testimony would be, he certainly failed to show the materiality of the evidence expected to be procured from the witness. As to the other witness, it was made to appear that he was an engineer—whether civil or locomotive is not stated—and that he was in the employ of a certain railroad company, somewhere upon the line of its road, and the only effort made to find him was to address a letter to him through the railway company, which had not been answered on the day of trial. The action was commenced in September, about

ten months before the day of trial. It had been set for trial almost a month before the trial day. Under the circumstances appearing in the affidavit for continuance, the trial court may well have thought that, as to one witness, the affidavit failed to show the materiality of the evidence expected to be procured, and as to the other, that due diligence was not exercised to procure his testimony. As the statute requires these matters to be shown, this court can not say that the lower court did not wisely exercise its discretion in denying the motion for a continuance. The defendant in error insists that the condition of the record is such that the sufficiency of the evidence to sustain the judgment can not be reviewed. The plaintiff in error does not ask that this evidence be reviewed. He says that it was introduced solely to show merit in connection with his motion to vacate the judgment. If it is considered for that purpose, and it is found that the showing of merit was sufficient, that alone would not be sufficient to warrant a court in setting aside a judgment. One or more of the statutory grounds must exist. In this case, none of the statutory grounds are present. The judgment was not taken against the defendant "through mistake, inadvertence, surprise or excusable neglect," as those terms are understood in such a statute, nor can the statute apply here.—1 *Freeman on Judgments,* §§ 105, 113 *et seq.;* 1 Black on Judgments, § 335 *et seq.*

The defendant knew the case was set for trial. He, or his representative, must have known that after the motion for a continuance was overruled, the trial would proceed, and that the plaintiff, in all probability, would take judgment against him. His absence from the trial was not caused by any mistake, inadvertence, surprise or excusable neglect. His private secretary was present, and made the affidavit for a continuance, and in it stated that he knew more about the matter than the defendant himself. He must have known something

about the authority of the man who bought the hay to bind the defendant. There was another man down there who appears to have known a great deal about the matter. The private secretary and attorney should have participated in the trial and not have deliberately withdrawn therefrom. On a motion for a non-suit, the insufficiency of the evidence for plaintiff could have been shown to the court, and the court might have found it insufficient. If the court would not have done so, such evidence as was at hand, could have been presented. If the verdict went against the defendant then he could have, in apt time, filed and argued a motion for a new trial. If all failed below, he, having saved all necessary exceptions, could have come to this court with a record, proper to be reviewed on all matters set forth in the motion to vacate. The motion to vacate the judgment was, in substance, a motion for a new trial, made long after the time limited for the filing of such a motion.

Under the circumstances, there is nothing that this court can do but affirm the judgment, and the same is accordingly done.

*Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GARRIGUES concur.