[No. 6491.]

## MOUNTZ V. APT.

1. CONTINUANCE—*Discretion of Trial Court*—The allowance or denial of an application for continuance is a matter of discretion. Only in case of a manifest abuse of that discretion will the action of the trial court be reviewed—(493).

2. ——*Diligence Required*—Where the applicant delays in presenting his application, after he is aware of the facts upon which he proposes to ask for continuance, the application should be denied—(494).

On the sixth of the month, the cause was set down for trial on the twentieth of the same month. Shortly before this a witness for the defendant had, to the defendant's knowledge, gone to the State of Ohio, but to what place in particular was unknown to defendant. Six days before the day appointed for the trial his whereabouts were ascertained. No application for delay was made until the day of the trial. The application was held properly denied—(493, 494).

3. EVIDENCE—*Opinions*—A witness who has personal knowledge of particular lands, and from experience or observation knows what character of lands will, in that locality, yield a crop, and what will not, is competent to express an opinion as to the value of such lands—(494).

So a farmer who has lived in the vicinity of particular lands for several years, and has platted and sold land in that neighborhood—(495, 496).

4. APPEALS—*Harmless Error*—The exclusion of evidence which manifestly would not have changed the result is harmless. even if erroneous—(496).

So the improper admission of testimony having no relation to the important issue between the parties—(496, 497).

5. ———*Party Concluded By Theory Adopted Below*— Where the complaint is framed upon a particular theory as to. the measure of plaintiff's damages, and the case is tried upon the same theory, the defendant not objecting, he will not be heard to assign as error an instruction proceeding upon the same theory—(497).

6. INSTRUCTION—*Non-Direction*—Is not error unless the proper instruction is presented and refused—(498).

*Appeal from Otero District Court*—Hon. C. S. ESSEX, Judge.

Mr. O. G. HESS for appellant.

Mr. H. M. MINOR and Mr. PAUL M. NORTH for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The parties to this appeal exchanged real estate. The tract which appellee owned is located at Rocky

Ford, in this state, while the land—a quarter section—which appellant exchanged therefor is located in the State of Kansas, about thirty-two miles southeast of Dodge City. The appellee did not see the Kansas property, neither did he know anything regarding its value or character, and relied upon the representations of the appellant with respect to its value and the character of its soil. Some time after the trade was consummated, the appellee learned that the Kansas land was not as represented, and brought suit for damages against the appellant. The trial resulted in a verdict and judgment for the plaintiff, in the sum of eighteen hundred dollars, from which the defendant has appealed.

The first point made by his counsel is, that the court erred in refusing an application for a continuance. The ruling complained of was not erroneous. The action of a trial court in refusing an application for continuance is a matter of discretion with that tribunal, and is reversible only in case of manifest abuse of such discretion.—*Byers v. McPhee,* 4 Colo. 204; *The Banker M. & M. Co. v. Allen,* 20 Colo. App. 351; *Keegan v. Donnelly,* 11 Colo. App. 31; *Michael v. Mills,* 22 Colo. 439.

From the record and affidavit filed in support of the motion for a continuance, it appears that on January 6th, 1908, the cause was set for trial for a day two weeks from that date. The ground for the continuance was on account of the absence of a witness. Two days before the order setting the case for trial, the defendant knew that the witness had departed from the state and had gone to Ohio, where his father was ill. He states in his affidavit that he did not know his whereabouts until January 14th, when he was informed that the date when the witness would return was uncertain, on account of the condition of his father. With full knowledge of all these facts, application for a continuance was not made until the day the case was

set for trial, namely, January 20th. No excuse is offered why the application was not presented at an earlier date. Where a party fails to exercise reasonable diligence in presenting an application for continuance after he is aware of the facts upon which his application is based, it should be denied. *Michael v. Mills, supra;* 9 Cyc. 134.

. The next point made is, that the court erred in permitting plaintiff and a witness in his behalf to testify as to the value of the Kansas land, without showing that they were qualified to give such testimony. According to the claim of plaintiff, the defendant had represented the Kansas tract to be worth twelve dollars and a half per acre; that it was a rich, sandy loam soil, covered by a solid mat of buffalo grass, and that it would produce, if cultivated, large and profitable crops of corn, alfalfa, wheat, and other grains. Plaintiff, after the trade was consummated, visited the land with a surveyor who lived at Dodge City. The latter is the witness above referred to. Plaintiff testified that the land consisted principally of sand hills; that there were about five or six acres of level land; that there were places where the sand was drifted five or six feet in depth; that there was very little, if anything, growing on the land that stock would eat; and that on account of its sandy character, it could not be cultivated with profit. Plaintiff was an experienced farmer. The surveyor testified that the soil was sand and sandhills, with a few little valleys between; that there were probably five or ten acres of level land; that the land would produce nothing; that if broken up the wind would drift the sand and cover the crops. He had lived in that locality for about four years, and knew from observation what character of land would produce crops, and what would not. The testimony of both the plaintiff and the surveyor was further to the effect that the land was practically valueless, or not

worth more than the government price, $1.25, per acre. A witness having personal knowledge of the character of a piece of land, and who, from experience or observation, knows what character of land will produce crops, and what will not, is competent to form an intelligent estimate as to its value for agricultural purposes. Applying this rule, we think it is clear that the witnesses were qualified to give an opinion regarding the value of the Kansas tract.

It is also urged that a witness for plaintiff was permitted to testify to the value of the Rocky Ford land without being qualified. It appears that this witness was a farmer; that he had lived in the vicinity of Rocky Ford for several years and had platted and sold land in that neighborhood. We think this disclosed sufficient qualification to permit him to give his testimony.

The defendant was asked if he knew what the Kansas land was worth at the time he traded it to the plaintiff. He was also asked if he knew what the Rocky Ford land was worth at that time. Objections were interposed to each of these questions, and sustained. We think the defendant should have been allowed to answer these questions; but the record affirmatively shows that if he had, the result of the trial would not have been different from what it was. The testimony with respect to the value and character of the Kansas land was overwhelmingly to the effect that it was practically valueless. Aside from this, when we consider the real issue of fact upon which the value of this land depended, it is apparent that the ruling of the court in not permitting the defendant to give his estimate of its value in dollars could not have prejudiced him. The testimony and circumstances are such that there can be no doubt but that defendant grossly misrepresented its character and value. Certainly, plaintiff would not have knowingly traded his land, well worth two thousand dollars, for a quarter section

of sandhills.  He claimed the defendant had repre-
sented to him that the soil of the Kansas tract was a
good, rich, and sandy loam, and would produce good
crops.  In addition to the testimony of plaintiff and
the surveyor as to the character of this land, there was
the testimony of another witness, who had visited it,
whose evidence, from the description  given,  tended
even more strongly to establish its worthless character.
Defendant had been upon the land and testified as to
its character and soil.  Its value for agricultural pur-
poses (and it is not claimed that it was valuable for
any other) depended principally upon whether crops
could be raised thereon or whether it consisted of sand-
hills and drifting sand.  If of the latter character, it
was patent to any one that it was of little value.  Neces-
sarily, from the verdict returned, the jury resolved the
question of fact with respect to the character of the
soil in favor of plaintiff, and we might add, from the
testimony could not have found otherwise; so that it is
apparent the defendant was not precluded from giving
any testimony which could have changed the result or
have assisted the jury in determining its value.  The
testimony with respect to the Rocky Ford land, as
stated by several witnesses, was to the effect that it
was fully worth the sum which the defendant had
represented the Kansas tract to be worth; so that what-
ever answer the defendant might have made to the
questions objected to, could not possibly have changed
the result.  Error without prejudice will not work a
reversal.

A witness for plaintiff testified to the conversa-
tion between the parties at the time the trade was made,
and also to the terms and conditions upon which it was
closed.  It is contended that the court required or per-
mitted the witness to state his conclusions with respect
to this conversation.  This might be a serious question
were it not for the fact that the important issues be-

tween the parties were the value and character of the Kansas land, and the representations of the defendant on that subject. The error complained of did not relate to either of these questions.

The final question urged is, that the court did not correctly instruct the jury as to the measure of damages. On this subject the court instructed the jury to the effect that if they found the issues in favor of the plaintiff, then, in determining his damages they should take into consideration the reasonable market value of the respective tracts of land. This, it is claimed, was erroneous, for the reason that the measure of damages was the difference between the value of the Kansas land at the date of the trade and its value as represented to be. The pleadings did not present this question. The complaint was framed upon the theory that the damages sustained by plaintiff was the difference in the market values of the respective tracts. The defendant, by his answer, without objection, accepted this theory of the complaint. Both parties tried the case upon this theory. At no time did the defendant object to it as not being correct; and very properly, the court instructed the jury on the theory of the case as outlined by the pleadings and upon which it was tried. Where a cause is submitted to a jury upon the theory adopted and acquiesced in by the parties, neither will be heard to complain that it was erroneous.—*De St. Aubin v. Marshal Field & Co.*, 27 Colo. 414.

It is also claimed that the instruction under consideration was not sufficiently explicit, and that the other instructions were faulty, because the court should have instructed the jury on the law governing an action for deceit. Error cannot be predicated on the instruction on the subject of damages, for the reasons given. It is not claimed that the other instructions were erroneous. If any of them were not sufficiently full or explicit, or if further instructions were desired on

the law of deceit, the defendant should have made re-
quests covering these omissions.    He did not.    We
have repeatedly decided that mere non-direction is not
error, unless the proper instruction was tendered and
refused.—*Sandberg v. Borstadt,* 48 Colo. 97 ; *Donley v.
Bailey, ibid,* 373.

The judgment of the district court is affirmed.    In
affirming the judgment, however, we must not be
understood as holding that errors in the trial of a cause
can be committed with impunity.    A party has a right
to have the trial court observe the usual rules of evi-
dence, whether the facts are in slight or serious dis-
pute.—*Colo. Midland Ry. Co. v. McGarry,* 41 Colo. 398.
Captious objections to the introduction of testimony
frequently compel the reversal of meritorious cases;
but where, as in the case at bar, it is clear beyond
question that errors committed at the trial did not
prejudice the rights of the complaining party, and that
the verdict and judgment are, without doubt, correct,
they will be disregarded on review.

*Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL
concur.