## No. 12,062.

### BENSTER v. BELL.

Decided May 7, 1928.

On motion for continuance. Motion denied.

*Affirmed.*

### On Application for Supersedeas.

1. CONTINUANCE—*Court Discretion.* The allowance or denial of an application for continuance is a matter of discretion and only in case of a manifest abuse thereof will the action of the trial court be reversed.

2. *Sufficiency of Showing.* Record reviewed and under the showing made it is held that there was no abuse of discretion in the denial of an application for a continuance.

3. *Delay in Making Application.* Unreasonable delay in applying for a continuance is a sufficient ground for denying such an application.

4. COURTS—*Duties—Congested Docket.* It is the duty of trial courts to prevent a congestion of their dockets and to insist upon the trial of causes in their order or under the rules of court.

5. TRIALS—*Court Proceedings—Presumption.* There is a presumption of regularity in the proceedings in trial courts.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. Bentley M. McMullin, for plaintiff in error.

Mr. William H. Andrew, for defendant in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

The only question presented in this case is whether the county court committed reversible error in refusing to grant the defendant's application for a continuance.

Bell, the plaintiff below, recovered a judgment for $50 before a justice of the peace. On March 26, 1926, the case was appealed to the county court by Benster, the defendant below. On April 30, 1927, upon due notice, the case was set for trial to a jury on Tuesday, September 27, 1927, at 10 o'clock a. m. On the Thursday or Friday next preceding the day of trial, Benster, concluding not to have his former attorney try the case in the county court, employed his present attorney. On the day set for the trial, the defendant's attorney applied orally to Judge Luxford to have the case "go to the bottom of the docket." The application was denied; whereupon the attorney said, "I will withdraw my appearance, then * * * "; upon which the judge remarked, "All right; you may do that. This case will be tried before Judge Dunn * * *." Judge Dunn had been called in to assist Judge Luxford in disposing of a congested docket. The parties and the attorneys appeared before Judge Dunn, and the defendant's attorney requested a continuance for a week, or at least for three days. He was permitted to make an oral statement on oath, in lieu of filing an affidavit. The statement was to the effect that he was employed on the next preceding Thursday or Friday; that the defendant had supposed that the case had been

dropped, as nothing had been done in regard to it since the trial before the justice of the peace; that the defendant had been informed by his former attorney that the case was set for the 27th; that his present attorney has been engaged in other business which prevented him from making a proper preparation to try the case; that he has been unable to interview a single witness; that the defendant is not here, having been advised that the case could undoubtedly be continued for a day or two until preparation was made; that it is absolutely impossible to get in touch with the defendant this morning; that the attorney could not reach the witnesses, for he does not know who they are; that neither the defendant nor his present attorney received any notice of the setting of the case for trial, such notice having been given to Mr. K., who represented the defendant at the trial before the justice of the peace; that in the attorney's opinion, the defendant has a meritorious defense; and that the attorney for the plaintiff has consented to a continuance for a short time to give the defendant and his attorney opportunity for preparation. The court denied the application for a continuance; whereupon the defendant's attorney withdrew from the case, evidence was introduced by the plaintiff, and the jury found a verdict for the plaintiff in the sum of $50. A motion for a new trial was filed, argued and denied, and judgment was entered.

The allowance or denial of an application for a continuance is a matter of discretion. Only in case of a manifest abuse of that discretion will the action of the trial court be reversed. *Mountz v. Apt,* 51 Colo. 491, 119 Pac. 150. In the circumstances of this case, we cannot say that the trial court abused its discretion. For five months, lacking three days, the case stood upon the docket of the county court for trial on Tuesday, September 27. The defendant knew that the case was in that court, because he took it there on appeal. That it required some attention, he must have known; yet it does not appear that up to four or five days before the trial

he made any inquiry of his attorney or of the clerk of the court about the case; nor does it appear that he made any definite arrangement with his first attorney to attend to the case after the appeal. He paid no attention whatever to the case. Why he supposed that the case had been dropped, does not satisfactorily appear. No reason is shown why the plaintiff should drop the case. He had obtained a judgment before the justice of the peace, and there is no intimation that any negotiation for a settlement was pending. The defendant waited until four or five days before the trial to employ a new attorney. The attorney says that he was so busy that he could not prepare for the trial that he knew was coming on in four or five days, yet no application for a continuance was made until the very day and hour of trial. This delay, of itself, justified the denial of the application. *Mountz v. Apt*, 51 Colo. 491, 119 Pac. 150. If application was made in apt time, possibly the court could have rearranged the trial docket so as to accommodate the defendant's attorney; something that, without serious inconvenience to other litigants and their attorneys, cannot always be done at the last minute. The nature of the attorney's interfering business engagement is not stated. The defendant himself remained away from court the day of trial, relying upon the advice of some one—presumably his attorney—that the case "could undoubtedly be continued for a day or two," and apparently without giving his attorney any information as to his whereabouts, or how he could be reached by messenger or otherwise in case a continuance should be denied. True, the plaintiff's attorney courteously consented to a short delay. No doubt the court gave to such consent the consideration to which it was entitled. But it appears that the docket was congested; that a judge from another county had been called in to assist the presiding judge in disposing of the cases; that the trial docket had been made up; and that a jury was in attendance. In *Union Brewing Co. v. Cooper*, 15 Colo. App. 65, 67, 60 Pac. 946,

947, the court said: "It is not only the province, but the duty, of trial courts, in the interest of the due administration of justice, to prevent a congestion of their dockets, and to insist upon a trial of causes when they are properly reached, in their order, or under the rules of the court."

Handling a congested docket is no easy matter. In the conduct of its business, a court owes a duty, not to one litigant alone, but to all litigants, and to the public as well. The trial judge was handling a difficult situation; and there is nothing in the record to justify an inference that, in denying the defendant's application, he had any purpose other than the efficient administration of the business of the court. There is a presumption of regularity in the proceedings in the trial court. *Union Brewing Co. v. Cooper,* 15 Colo. App. 65, 67, 60 Pac. 946, 947. That presumption has not been overcome by the showing made. It is reasonable to assume, therefore, that, upon a consideration of the entire situation, the trial court concluded that to grant the request of the negligent litigant would so disarrange the trial docket as to cause serious inconvenience to the diligent litigants, and that the court would not be justified in favoring the former to the disadvantage of the latter.

The judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.