MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This original proceeding seeks relief in the nature of prohibition pursuant to C.A.R. 21. We issued a rule to show cause and now discharge the rule.
The primary issue is whether the petitioners are entitled to a jury trial. This proceeding seeks to prohibit the trial judge from proceeding to trial without a jury. In our view, the petitioners were not entitled to a jury trial on the factual issues which are now presented in this case. C.R.C.P. 38(a) and (b).
The history behind this civil action and a review of the record forces us to conclude that the request for a jury trial was properly denied when it was made on the eve of trial. The briefs submitted in connection with this proceeding show bitter and acrimonious exchanges between counsel and an effort at one-upsmanship.
C.R.C.P. 1 dictates that the rules “shall be liberally construed to secure the just, speedy, and inexpensive determination of every action.” This action was commenced on July 11, 1972, when a complaint was filed seeking both legal and equitable relief and demanding trial by jury. After the complaint was filed, the motions argued, and the briefs submitted, the case was dismissed without prejudice in the Larimer County district court and refiled in the Boulder County district court on January 8, 1973. A motion for a change of venue in the Boulder County district court resulted in the case being transferred back to Larimer County.
On September 19, 1974, counsel appeared for trial setting, and trial was set to the court to commence on March 24, 1975. At the time trial was set, the case still had both equitable and legal issues, and for that reason, the court ordered that trial should be to the court. See Setchell v. Dellacroce, 169 Colo. 212, 454 P.2d 804 (1969).
On March 19, 1975, the petitioners sought to amend the original complaint to strike any claim for equitable relief. The original complaint alleged that a contract for the sale of real property, which was located near Estes Park, Colorado, had been breached and that the petitioners were entitled to damages or specific performance of the contract. The *219 amendment, which was consented to by defense counsel, and approved by the court, eliminated all claims for equitable relief. See C.R.C.P. 15(a) and (c).
After the amendment was made, the petitioners renewed their demand for a jury trial and at the same time sought a continuance. The petitioners claim that a dismissal of the equitable claim for relief left only legal issues and that the trial judge had no option other than to vacate the trial date and to reset the case for trial to a jury.
The denial of the initial demand for a jury trial is not in issue. The only issue is whether the amendment to the complaint, with the consent of the defendants and the court, creates a right to a jury trial that cannot be denied. The petitioners point out that amendments relate back to the date of the original pleading. C.R.C.P. 15(c). The argument which the petitioners raise ignores the fact that the last-minute demand for a jury, if granted, would force the court to grant a continuance and vacate the trial date. C.R.C.P. 40; cf. Scofield v. Scofield, 89 Colo. 409, 3 P.2d 794 (1931); Benster v. Bell, 83 Colo. 587, 267 P. 792 (1928).
The right to a jury trial, although a cherished right, may not be utilized to disrupt a trial calendar and to obtain delay. See Rupp v. Cool, 147 Colo. 18, 362 P.2d 396 (1961).
Accordingly, the rule is discharged.