21CA0138 Marriage of Nkouka 12-09-2021 COLORADO COURT OF APPEALS Court of Appeals No. 21CA0138 City and County of Denver District Court No. 19DR1755 Honorable Jennifer B. Torrington, Judge In re the Marriage of Roukiatou Geraldo, Appellant, and Koami Nkouka, Appellee. JUDGMENT AFFIRMED Division IV Opinion by JUDGE TOW J. Jones and Freyre, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced December 9, 2021 Roukiatou Geraldo, Pro Se No Appearance for Appellee 
1 ¶ 1 Roukiatou Geraldo (wife) appeals the permanent orders entered in connection with the dissolution of her marriage to Koami Nkouka (husband). We affirm. I. Facts ¶ 2 The parties married in 2003 and have three children, who were seventeen, fourteen, and three years old as of the permanent orders hearing date. All three children have medical issues that require the parents to take them for regular medical appointments or comply with treatment recommendations made by medical providers. ¶ 3 In 2019, wife petitioned for a decree of legal separation, which the court converted to a dissolution proceeding at husband’s request. The parties and their children continued to live together in the marital home during the proceedings. ¶ 4 The court appointed a child and family investigator (CFI) on a limited basis to investigate whether the children’s medical needs were being met by the parents. The CFI opined that the parents’ inability to work together prevented them from giving the children, particularly the youngest child, regular and consistent medical treatment. Based on the CFI’s report, and after hearing from the 
2 parties at a hearing, the court entered temporary orders giving husband sole decision-making responsibility for the children. ¶ 5 On husband’s motion, the court reappointed the CFI to make recommendations concerning the allocation of parental responsibilities for permanent orders. Wife did not participate in the second CFI investigation. In her report, the CFI summarized that the older children “have greatly improved in, and due to, [f]ather’s care,” while the youngest child was “not receiving the consistent care that he so desperately needs” because of the parties’ continued inability to work together. The CFI recommended that the children reside with husband and that he continue to have sole decision-making responsibility. ¶ 6 Husband and the CFI appeared at the permanent orders hearing. Wife did not appear. The district court entered the decree of dissolution and written permanent orders shortly after the hearing. The court divided the marital property, which included awarding the marital home to husband; declined to award either party spousal maintenance; named husband the children’s primary residential parent and sole decision-maker; entered a limited parenting time schedule for wife at a neutral public location or 
3 library; and declined to order child support “as the parties continue to cohabitate in the same residence with their minor children.” II. Denial of Wife’s Motion to Continue ¶ 7 Wife contends that the district court abused its discretion by denying her motion to continue the permanent orders hearing date. We discern no abuse of discretion. ¶ 8 A court should grant a motion to continue only upon a showing of good cause. Miller v. Brannon, 207 P.3d 923, 932 (Colo. App. 2009); see C.R.C.P. 121 § 1-11. A continuance of a scheduled hearing should generally be limited to situations in which unforeseen and exceptional circumstances would require diligent parties to seek a continuance. See Todd v. Bear Valley Vill. Apartments, 980 P.2d 973, 976 (Colo. 1999). ¶ 9 A motion to continue is addressed to the court’s discretion and we will not disturb its ruling on appeal absent a showing of an abuse of that discretion. People in Interest of R.J.B., 2021 COA 4, ¶ 13. A court abuses its discretion when its ruling is manifestly arbitrary, unfair, or unreasonable. Id. ¶ 10 Husband served wife with notice of the December 29, 2020, permanent orders hearing on August 20, 2020. On December 23, 
4 2020, wife sought a new permanent orders hearing date because December 29 was the youngest child’s birthday and she wanted to “focus on [her] baby’s birthday on that date” and “will not have time for anything else.” ¶ 11 This record does not establish good cause. Wife could have, but chose not to, seek a continuance when she was served with the notice of hearing in August or any time in the following months. Instead, wife waited until six days before the scheduled hearing date to notify the court that she had a conflict. Moreover, wife did not show that the child’s birthday was an unforeseen or exceptional circumstance requiring a continuance. See Kallas v. Spinozzi, 2014 COA 164, ¶¶ 43-44 (holding that no good cause for continuance existed when attorney’s health issues were not only foreseeable, but the related complications were predicted by and proactively addressed by the court months earlier); but cf. Todd, 980 P.2d at 977 (holding that emergency back surgery is an unforeseen and exceptional circumstance). We perceive no abuse of discretion in the court’s denial of wife’s request for a continuance. See R.J.B., ¶ 13; see also Benster v. Bell, 83 Colo. 587, 590, 267 P. 792, 793-94 (1928) (affirming denial of a motion to continue that was not made 
5 “until the very day and hour of trial,” notwithstanding the fact that the trial had been on the court’s docket for more than five months). III. Permanent Orders ¶ 12 Wife next contends that the district court erred by dividing the marital property without considering her financial and homemaking contributions to the marital home. Wife also contends that the court failed to consider husband’s character and other relevant facts concerning the children’s medical care when allocating parental responsibilities. We disagree. ¶ 13 Wife failed to appear at the permanent orders hearing. That hearing was wife’s opportunity to present evidence of her contributions to the marital home and husband’s character, as well as any evidence challenging husband’s evidence or the CFI’s reports. See In re Parental Responsibilities Concerning N.J.C., 2019 COA 153M, ¶ 49 (holding that if mother wanted the magistrate to consider certain evidence, she should have presented such evidence to the magistrate). Because wife did not attend the hearing to present evidence relevant to her positions concerning the property division or allocation of parental responsibilities, she left the court with no choice but to issue the permanent orders based on the 
6 evidence that husband and the CFI presented. See In re Marriage of Eisenhuth, 976 P.2d 896, 901 (Colo. App. 1999) (holding that the district court is required to consider the evidence presented to it; it does not act as a surrogate attorney for a party who has chosen not to appear); see also In re Marriage of Krejci, 2013 COA 6, ¶ 23 (holding that the parties must present relevant evidence to the court and their failure to do so does not provide grounds for reversal). For this reason, we decline to reverse the permanent orders. IV. Conclusion ¶ 14 The judgment is affirmed. JUDGE J. JONES and JUDGE FREYRE concur.