FLEMING vs. THE FIRE ASSOCIATION OF PHILADELPHIA et al.

A case was tried, and resulted in a verdict for the plaintiff; a new trial was granted, on motion of the defendant. On the re-hearing at a subsequent term, the case having been set for trial, under the rules of the court, it was called, and the plaintiff announced ready. An attorney moved for a continuance on the ground that the attorney for the defendant, who was also a witness, was absent, and also because certain interrogatories had not been returned. The motion was overruled, and the court directed counsel to strike the jury. The attorney who made the motion then asked the indul-

gence of the court for time to allow the agent of the defendant, who was present in the court-room during the entire proceeding, to procure counsel to conduct the case. An hour was asked. The court granted half an hour. At the end of that time, the judge returned to the bench, the court was called to order, and counsel, who had been employed for the defendant, moved to dismiss the case, on the ground that the process attached to the declaration was not sufficient in law. This motion was overruled. The defendant then filed a petition to remove the case to the circuit court of the United States, on the ground that it was a foreign insurance company, and that, from prejudice and local influence, it would not be able to obtain justice in the state court, which ground was sworn to by its agent:

*Held*, that the final trial of the case had begun, and the petition to remove the case came too late.

(*a.*) A literal compliance with the terms and limitations imposed by the act of congress, of March 2, 1867, for the removal of causes from the state to the federal courts, on the ground of prejudice or local influence, will be required.

April 20, 1886.

United States Court. Removal of Causes. Words and Phrases. Before Judge RONEY. Richmond Superior Court. October Adjourned Term, 1885.

Reported in the decision.

WM. H. FLEMING ; FOSTER & LAMAR, for plaintiff in error, cited : Desty, 99, 101, 102, 25, 27, 45 ; 40 Ala., 639 ; 2 Sum., 338 ; Dill. Rem. Causes, 23 ; 8 Blatchf., 73 ; 52 N. Y., 96 ; 15 Kan., 572 ; 53 Ind., 597 ; 30 La., 471 ; 13 Minn., 458 ; 111 Mass., 72 ; 29 La., 372 ; 106 U. S., 397 ; 102 *Id.*, 179 ; 19 Wall., 214 ; 100 U. S., 473 ; 111 *Id.*, 476 ; 35 Md., 47 ; 31 La., 41 ; 19 Cent. L. J., 78, 137 ; 46 Tex., 338 ; 46 Iowa, 406 ; Code, §10.

FRANK H. MILLER; WM. T. GARY, for defendants, cited : Code, §5230 ; 13 Wall., 270 ; 104 U. S., 408, 44 ; 68 *Ga.*, 728 ; 113 U. S., 73 ; 74 *Ga.*, 631 ; 19 Wall., 214 ; 21 *Id.*, 41 ; 99 U. S., 147 ; 40 *Ga.*, 1 ; 47 *Id.*, 312, 321 ; 49 *Id.*, 462 ; 62 *Id.*, 163 ; 60 *Id.*, 424 ; 68 *Id.*, 728 ; 100 U. S., 473 ; 102

*Id.*, 179; 103 *Id.*, 612; 94 *Id*, 650; 105 *Id.*, 393; 2 Woods, 117; Code, §§3459, 3462, 3490, 3334, 3408, 2961, 3075, 3012, 2992, 3258, 3485; 55, *Ga.*, 196; 72 *Id.*, 458, 816; 71 *Id.*, 297; 9 *Id.*, 302, 509; 63 *Id.*, 198; 28 *Id*, 222; 35 *Id.*, 66, 72; 70 *Id.*, 581; Code, §§3722, 3531; 24 *Ga.*, 169; 25 *Id.*, 146; Rule 22, Superior Court.

HALL, Justice.

There had been one trial of this case, which resulted in a verdict for the plaintiff, and which, on motion of the defendant, was set aside and a new trial ordered. On the re-hearing at a subsequent term, the cause having been set for trial under the rules of the court, on the 20th day of January, 1886, the following proceedings were had: On the above day, the case was called and the plaintiff announced ready. A motion for continuance was then made by Wm. T. Gary, Esq., on the ground that M. P. Carroll, who was counsel, and also a witness, was absent; and also on the ground that certain interrogatories had not been returned. After argument at length, the court overruled the motion to continue and directed counsel to strike the jury. Wm. T. Gary, Esq., in the absence of M. P. Carroll, Esq., counsel for the Fire Association of Philadelphia, then asked the indulgence of the court for time to allow W. F. Priolieau, agent for the insurance company, and who was present in the court-room during the entire proceedings, to procure counsel to conduct the case. Wm. T. Gary asked for one hour. The court granted half an hour for that purpose, but declined to allow one hour.

When the time had expired, the judge returned to the bench and court was called to order, the insurance company having employed counsel in the persons of Frank H. Miller, Esq., and Wm. T. Gary, Esq. Frank H. Miller then moved to dismiss the case, on the ground that the process attached to the declaration was not sufficient in law. The court overruled the motion. The counsel for the Fire Association of Philadelphia then presented and filed the

petition for removal of the cause to the circuit court of the United States for the Eastern Division of the Southern District of Georgia, the plaintiff being a citizen of this state and the petitioner a corporation chartered by the laws of Pennsylvania, and having its place of business located in that state. Priolieau, its agent, alleged in his affidavit the following ground for removal, viz : That he, as such agent, has reason to believe, and does believe, that from "prejudice and local influence, said Fire Association of Philadelphia will not be able to obtain justice in said state court." The court, on this application, ordered the case to be removed, whereupon the plaintiff excepted on several grounds, and brought the decision by writ of error to this court. The only question which we deem essential is, whether this application was made at such a stage in the progress of the case as entitled it to be entertained and favorably acted on by the court. The plaintiff insists that it came too late ; that under what is commonly known as the "prejudice or local influence" act of congress, approved March 2d, 1867, it should have been filed "before the final hearing or trial of the suit" sought to be removed; that is to say, before such final trial began or was entered on; that it began when the defendant's motion for a continuance was overruled and the court ordered the jury stricken and the trial to proceed; that the half hour's indulgence given the defendant was to enable it to procure counsel, and the motion of the counsel thus procured to dismiss the suit because the process attached to the declaration was insufficient in law to bring it before the court, and which was overruled, was a further step in the trial, which deprived it of the power then to petition for the removal of the case.

We agree with counsel for the plaintiff, that this application came too late, and think the court should not, under the circumstances, have ordered the case to be removed. This seems to us the result of the decisions of the Supreme and circuit courts of the United States, as well as of sev-

eral of the state courts, as will appear from the cases cited on the briefs of counsel for both parties on this particular point, which will be set out by the reporter. Indications are not wanting to authorize the conclusion that this application for removal was resorted to as an expedient to procure a continuance which could not have been had under the rules prescribed by the laws of the state; and from the liability of the privilege conferred by the act to abuse in this respect, we think it safest to acquire a literal compliance with the terms and limitations it imposes for the removal of cases from the state to the federal courts. As was said by Judge Dillon, in his work on the "Removal of Causes," pp. 23, 24, 25, "This act undoubtedly grew out of the condition of affairs in the southern states after the war, and was intended to afford to parties who had resorted to the state court the right to transfer their suits to the federal courts." He very clearly intimates that this legislation was designed to meet an emergency, and was not intended to be permanent. He adds, "It is not so difficult to justify the act in this respect as it is to sustain the provision that this removal may be had on filing the general affidavit of prejudice or local influence, the truth of which cannot be contested or inquired into 'at any time before trial or final hearing of the suit.' This provision occasions delay, and is often resorted to for that purpose." These suggestions, coming from so high a source, are timely and wise, and we gladly avail ourselves of them to check, in some measure, the reprehensible delays in the administration of justice, to which the perversion and abuse of the act contribute in so large a degree.

Judgment reversed.