## SWEARENGEN *v.* THE STATE.

The words "final trial," in paragraph 10 of the declaration of rights (Civil Code of 1910, § 6366), providing that "no person shall be compelled to pay costs, except after conviction on final trial," mean such trial, in the court having original trial jurisdiction of the case, as is the basis of the entry of judgment finally disposing of the action in such court, and do not apply to proceedings in an appellate court.

OCTOBER 17, 1916.

Certified question; from Court of Appeals (Case No. 6774).

*J. H. Milner,* for plaintiff in error.

*J. H. Roberts, solicitor,* and *D. D. Smith,* contra.

FISH, C. J. The Court of Appeals has certified to this court the following question: "Does the provision of the constitution that 'no person shall be compelled to pay costs, except after conviction on final trial' (Civil Code, § 6366, Penal Code, § 13), postpone the payment of the costs in the Court of Appeals by one who has not filed a pauper's affidavit, until it has been ascertained by the decision of the Court of Appeals whether the trial under review is in fact the final trial. In other words, where a person convicted of a penal offense has sued out a writ of error to the Court of Appeals, can he, by reason of the foregoing provision of the constitution, and upon the ground that should he be granted a new trial, and be thereupon acquitted, he could not

recover the amount of costs so paid, decline to pay the cost in the Court of Appeals, without being subject to dismissal of his bill of exceptions?"

The question propounded is answered in the negative. It was decided in State ex rel. Davis *v.* Newman, 24 Fla. 33 (3 So. 467), that: "The words 'final trial,' in section 14 of the declaration of rights, providing that 'no person shall be compelled to pay costs, except after conviction on final trial,' mean such a trial, in the court having original trial jurisdiction of the case, as is the basis for the entry of judgment finally disposing of the action in such court, and do not apply to proceedings in an appellate court." In the opinion were cited: Vannevar *v.* Bryant, 21 Wall. 41 (22 L. ed. 476), and Insurance Co. *v.* Dunn, 19 Wall. 214 (22 L. ed. 68). See also *Fleming* v. *Fire Association of Philadelphia*, 76 *Ga.* 678. Paragraph 10 of the bill of rights just cited, in so far as it might relate to costs in the Court of Appeals, should be construed in connection with the provisions of article 6, section 21, paragraph 1, of the constitution (Civil Code, § 6550), which declares: "The costs in the Supreme Court shall not exceed ten dollars, until otherwise provided by law. Plaintiffs in error shall not be required to pay costs in said court when the usual pauper oath is filed in the court below." Here is a clear implication in the constitution that plaintiffs in error shall pay costs unless they make the pauper affidavit. These provisions of the constitution are also to be construed in connection with the amendment to the constitution creating the Court of Appeals (art. 6, sec. 2, par. 9, Civil Code, § 6506), wherein it is declared, among other things, that "The laws relating to the Supreme Court, as to . . the mode of carrying cases to the court, . . and the costs of the court, . . except as otherwise provided in this constitution, and until otherwise provided by law, shall apply to the Court of Appeals, so far as they can be made to apply." Giving effect to this provision of the constitution, the same rule applies in the Court of Appeals as to payment of costs as obtains in the Supreme Court.

*All the Justices concur.*