## WYNNE v. STONECYPHER.

1. "The words 'final trial' in paragraph 10 of the declaration of rights (Civil Code of 1910, § 6366), providing that 'no person shall be compelled to pay costs, except after conviction on final trial,' mean such trial, in the court having original trial jurisdiction of the case, as is the basis of the entry of judgment finally disposing of the action in such court, and do not apply to proceedings in an appellate court."

   (a) Accordingly, where no supersedeas is obtained, the clerk of the trial court is entitled to have judgment awarded against the defendant for the costs accruing in connection with his prosecution of a writ of error to the Court of Appeals while his case is pending in that court.

2. A judgment for such costs is not improper because the "sentence imposed on the defendant requires him, as an alternative to service in the chain-gang, to pay a fine of $50, 'to include all costs.' "

OCTOBER 17, 1916.

The Court of Appeals certified the following questions (in Case No. 6827):

"1. (a) Where a person convicted of a misdemeanor carries the case to the Court of Appeals by a bill of exceptions to a judgment overruling his motion for a new trial, and does not pay the costs arising on that motion or on the filing of the bill of exceptions, and does not file an affidavit of inability to pay costs, is the clerk of the trial court entitled to have the judge of that court award to him, while the case is pending in the Court of Appeals, a judgment in his favor for such costs? (b) Where the clerk of the trial court, in such a case, has transmitted to the Court of Appeals, in accordance with the direction of the judge in the certificate to the bill of exceptions, a transcript of the record in the case as specified in the bill of exceptions, is he, while the case is pending in the Court of Appeals, entitled to a judgment in his favor for the cost of the transcript, under section 5996 of the Civil Code, which is as follows: 'When a clerk transmits a record to the Supreme Court, except in cases where affidavit of inability to pay cost is filed, he may make out a bill of costs for such transcript, and when presented to the judge of the court and by him found to be correct, the judge shall award, either in term time or vacation, judgment in favor of the clerk for such cost'? Or does the provision of the constitution (Civil Code, § 6366; Penal Code, § 13) that 'No person shall be compelled to pay costs, except after conviction on final trial,' make it improper to render such a judgment while the case is pending in the Court of Appeals?

"2. Is such a judgment proper where the sentence imposed on the defendant requires him, as an alternative to service in the chain-gang, to pay a fine of $50, 'to include all costs'?"

*Hall & Grice, C. J. Bloch, J. H. Milner,* and *W. A. Wooten,* for plaintiff in error. *Charles W. Griffin,* contra.

HILL, J. The decision this day made in the case of *Swearengen* v. *State,* ante, 3 (90 S. E. 283), certified by the Court of Appeals to this Court, controls the present case as to the questions 1 (*a*) and (*b*), above set forth. Under that ruling each of them is answered in the affirmative.

Under the Penal Code, § 1105, the defendant in a criminal case becomes liable for costs upon his conviction; and where he fails to obtain a supersedeas, there is nothing to prevent judgment therefor being awarded against him. The second question is also answered in the affirmative. *All the Justices concur.*