9854. WYNNE, clerk, v. SMITH, solicitor.

The costs accruing in favor of the clerk of the city court of Eastman on motions for a new trial of defendants convicted in criminal cases, and for transmitting the records therein to this court, where the judgment has been affirmed by this court and executions have been issued against the defendants primarily liable therefor, and returns of nulla bona made thereon by the sheriff, are "insolvent costs," within the meaning of section 1113 of the Penal Code of 1910, and, as such, are entitled to participate in the fines and forfeitures fund of that court.

DECIDED JANUARY 29, 1919.

Rule; from city court of Eastman—Judge Griffin. May 1, 1918.

J. H. Milner, for plaintiff.      D. D. Smith, for defendant.

JENKINS, J. No question is made in this case as to the correctness of the items contained in the bill of costs presented by the clerk, or as to whether the items are properly chargeable as costs, but the sole question to be determined is whether insolvent costs accruing in favor of the clerk in criminal cases subsequent to conviction, where the judgment is affirmed, are to be treated as "insolvent costs" within the meaning of section 1113 of the Penal Code of 1910, so as to be entitled to participate in the fines and forfeitures fund. Section 1105 of the Penal Code provides that "The costs of a prosecution, except the fees of his own witnesses, shall not be demanded of a defendant until after conviction on final trial. If convicted, judgment may be entered up against him for all costs accruing in the committing or superior courts, and by any officer pending the prosecution. The judgment shall have a lien on all

the property of the defendant from the date of his arrest, and the clerk shall issue an execution, on the judgment, against said property. The court may also direct the defendant to be imprisoned until all costs are paid." It is contended by the defendant that under the terms of this section the only costs entitled to participate in the fine and forfeiture fund are such insolvent costs as accrue in the trial court up to the time of conviction in that court; but with this contention we can not agree. Under this section of the code, no judgment for any of the costs can be taken until after conviction on final trial, but the words "final trial" as here used mean "such trial, in the court having original trial jurisdiction of the case, as is the basis of the entry of judgment finally disposing of the action in such court, and do not apply to proceedings in an appellate court." *Wynne* v. *Stonecypher*, 146 *Ga.* 5 (90 S. E. 284). It was also held in that case that, "Where no supersedeas is obtained, the clerk of the trial court is entitled to have judgment awarded against the defendant for the costs accruing in connection with his prosecution of a writ of error to the Court of Appeals while his case is pending in that court." If a supersedeas be obtained (as was done by each of the defendants in the cases now involved), a judgment can not be taken for any of the costs until the case is disposed of by the reviewing court. Thus, at the first opportunity which the clerk had for taking a judgment for his costs, the costs to which he is entitled on motions for new trial and for transmitting the records to this court had already accrued in the court below; and the code-section above quoted provides that, if the defendant is convicted, judgment may be entered up against him for *all costs accruing in the committing or superior courts.* Nothing in this section limits the right to take a judgment for costs to such costs only as accrue up to the time of conviction in the trial court, but to the contrary, it provides that upon conviction, judgment may be entered up against the defendant for *all* costs accruing in the trial court; and certainly the costs here claimed accrued in the court below.

Section 1113, supra, is as follows: "In cases where a bill of indictment is preferred and not found true by the grand jury, or where a defendant shall be acquitted by a jury, *or where persons liable by law for the payment of costs shall be unable to pay the same* [italics ours], the officers severally entitled to such costs may

present an account therefor to the judge of the court in which the prosecutions were pending, which, being examined and allowed by him, he shall order to be paid in the manner prescribed by law, and such account and order shall be entered on the minutes of the court." There is no contention in this case that the several defendants in the cases in which costs are claimed are not "liable by law for the payment of such costs," and it is conceded that they are "unable to pay the same," since executions have been issued against the several defendants primarily liable therefor, and returns of nulla bona made thereon by the sheriff. How, then, can it be said that the costs claimed are not insolvent costs? In this section of the code there is no provision whereby the only costs which may be considered as insolvent costs are those accruing up to the time of conviction in the lower court, and it would seem to us that the costs claimed are properly so chargeable, and, as such, are entitled to participate in the fine and forfeiture fund. Section 1114 of the Penal Code provides that "Money arising from fines, or collected on forfeited recognizances in the superior courts, or for a violation of the penal laws, shall be first applied to the extinguishment of the insolvent lists of the officers bringing it into court and those of justices and constables pro rata, and then to the orders of former officers in proportion to their claims." See also *Mayor &c. of Macon* v. *Hoge,* 71 *Ga.* 696, 698, where it was said that the State "has made provision to compensate all her officers who aid in the administration of penal laws; no service is required of any of them, with a very few exceptions, for which compensation is not provided." It is there held that "The officers of the superior, city and county courts have recourse to the funds arising from fines and forfeitures in the respective courts, to pay costs where they can not be collected from defendants in criminal proceedings."

We are of the opinion, therefore, that the judge erred in refusing to audit and approve the claim as presented by the clerk.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*