## No. 11,346.

## WARSHAUER SHEEP AND WOOL CO. *v.* RIO GRANDE STATE BANK.

Decided June 1, 1926.   Rehearing denied June 21, 1926.

Action on contracts.   Judgment of dismissal.

*Affirmed.*

1.  PLEADING—*Misjoinder of Causes.*  It is improper to join two causes of action in the same complaint where they do not affect the same parties defendant or affect them in the same character or capacity.

2.  CHATTEL MORTGAGE—*Sale Provision—Contract.*  Contract of sale executed by chattel mortgagor, under power given by the mortgage or independent contract to sell and apply the proceeds to payment of the mortgaged debt, may be binding on the mortgagee if the obligations assumed by the mortgagor are fairly within the power of sale conferred.

3.  SALES—*Contract.*  Contract to consign to an intermediate factor to ship to another factor with power of sale conferred upon the latter, does not constitute a contract of sale.

4.  CHATTEL MORTGAGE—*Consignment Contract—Effect.*  While a bank, mortgagee, having actual knowledge of a consignment contract from its mortgagor was not in a position to question such consignments, it did not become bound by the provisions of the contract to reimburse consignee for sums advanced to the mortgagors.

5.  EVIDENCE—*Contract—Parol.*  Offer to prove by parol evidence that a bank was a principal in several consignment contracts executed by its mortgagors, held properly refused.

6.   CHATTEL MORTGAGE — *Consignment Contract* — *Parties.* A consignee
taking a consignment contract signed only by the mortgagor of the
property, with knowledge that a bank was the mortgagee, held not
entitled to recover over-payments to the mortgagor, from the bank
as principal.

7.   APPEAL AND ERROR—*Instructions.* A plaintiff cannot complain of
error in instructions, where defendant was not liable in the action
in any event.

*Error to the District Court of Rio Grande County, Hon.
J. C. Wiley, Judge.*

Mr. JAMES H. TELLER, Mr. BARNEY L. WHATLEY, Mr.
JACK GARRETT SCOTT, for plaintiff in error.

Mr. W. SCOTT CARROLL, Mr. JESSE STEPHENSON, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

FOUR separate actions by plaintiff in error Wool Company, plaintiff below, each against the Rio Grande State
Bank and an individual defendant, were consolidated for
trial to the same jury which returned a verdict for the
defendant bank upon which judgment was rendered by
the court dismissing the actions; the plaintiff itself having dismissed as to the individual defendants when all
the evidence was in.   Each case was based upon the same
kind of a consignment contract, upon the same allegations in the complaint except as to amounts and names of
defendants.   The four separate contracts are signed by
the individual defendants Yoder, Chavez and the two
Atencios.   They were mortgagors under the respective
mortgages which they gave to the defendant bank, which

included the wool which was the subject matter of these consignment contracts. Neither contract was signed by the defendant bank. Yoder and Chavez each signed his own contract in his own name. To the contract of each of the Atencios his own name was signed by Johnson as agent and by his principal's authority. At that time Johnson was cashier of the bank. Each of the several contracts recites that the consignor consigns his wool to the plaintiff who, as a factor, is to ship it to the firm of Adams & Leland of Boston and the Boston firm is authorized to handle and sell the wool at such time and for such price as they deem advisable and for the protection and best interest of the consignor. When the wool is sold there is to be deducted from the gross amount of the sale a specified commission of the sellers, freight and cartage charges and interest on advances and if, after all proper deductions, charges and commissions are made, there shall not be sufficient funds remaining to pay plaintiff's advances or any part thereof, the consignor promises to reimburse and pay to plaintiff or its order such remaining deficit with interest. The wool was shipped by the plaintiff company to the Boston firm and by the latter sold. To each of the individual defendant mortgagors the plaintiff had advanced a certain sum of money on his contract. The gross amount received from the sale was not sufficient to pay charges, commissions, expenses and advances and the difference between the greator advance payments and charges, and the smaller net proceeds of sale is what plaintiff sues for in these actions. The mortgages were given as security for money lent by the defendant bank to these wool growers and drafts for the advances, drawn by plaintiff to the mortgagor defendants at the time the contracts were signed, were delivered by plaintiff to these consignors and were endorsed by them and deposited in the bank to the credit of their accounts therein and afterwards on checks to the bank drawn by the consignors, the proceeds

were thus applied to the mortgage indebtedness to the bank of the respective mortgagors. When the evidence was in, the plaintiff, as stated, dismissed each action against the individual defendant therein and asked for judgment in each action against the bank alone.

In the first cause of action the defendant bank and the individual mortgagor are charged jointly as consignors and therein it is averred that the plaintiff paid to them jointly the amount advanced of which, in the contingency mentioned, they promised to repay to the plaintiff the designated sum out of the proceeds of the wool. In the second cause the bank alone was sought to be held as principal in the individual contracts signed by the mortgagor consignors, who are said to have acted as the agent of the bank in making the respective sales, the proceeds of which were applied to the mortgage indebtedness. In this second cause is described the chattel mortgage given by the mortgagor consignor to the bank, showing clearly that at the time the contract was made the plaintiff had full knowledge of the existence of the mortgage. It will be observed that the first cause of action is against the bank and an individual jointly; the second cause is against the bank alone. It was improper to join these two causes of action in the same complaint as they do not affect the same parties defendant, or affect them in the same character or capacity; the first cause affecting the defendants jointly, the second only the bank. Had a demurrer on the ground that the several causes of action were improperly joined been interposed, as it was not, it should have been sustained.

Many interesting questions are ably and exhaustively discussed by counsel. We shall discuss only one, the pivotal question in the case, whose resolution requires us to affirm the judgment, regardless of all other contentions of plaintiff in error. Authorities such as *Clatworthy v. Ferguson,* 72 Colo. 259, 210 Pac. 693; *National Citizens' Bank v. Ertz,* 83 Minn. 12, 85 N. W. 821, 53

L. R. A. 174, 85 Am. St. Rep. 438; *Conkling v. Shelley,* 28 N. Y. 360, 84 Am. Dec. 348; Parsons on Contracts, (9th Ed.), p. 571, and Jones on Chattel Mortgages, (5th Ed.), sec. 422, p. 617, are cited by plaintiff in error that under the law of this state and other states a chattel mortgage, though a conditional sale, conveys the legal title to the mortgagee and the property therein included cannot during the existence of the mortgage be legally sold by the mortgagor without the mortgagee's consent; but when the mortgagee does consent to the sale by the mortgagor the validity of such a sale may not be questioned by the mortgagee as against the purchaser. There are several other incidents of this doctrine which plaintiff in error says should have been applied by the trial court, but as to them we are of opinion that the facts of this case do not require it. It does not necessarily follow, as plaintiff seems to contend, that all the provisions of such a sales contract are binding on the mortgagee as principal. That depends upon the particular facts of each case. The same is to be said of the rule to be applied where the mortgage itself authorizes the mortgagor to retain possession with the power to sell the property and apply the proceeds of the sale on the mortgage debt, or where, by independent contract, such power is given to the mortgagor by the mortgagee. Usually in such cases it may be true that the mortgagor in selling is the agent of the mortgagee and such contract of sale as the mortgagor may make under such power may be binding on the mortgagee, if such obligations thus assumed by the mortgagor are fairly within the scope of, and incidental to, the general power of sale conferred upon him. First, we say that the consignment contract made here does not constitute a sale. It merely makes the consignee therein an intermediate factor, to ship to the Boston firm, another factor, with power of sale conferred upon the latter. Plaintiff mortgagor is thus made an agent of the signer of this consignment contract. For our present purpose,

however, we shall assume that the same principle of law applies to this agency contract as to sales contract proper.

The testimony makes it entirely clear that none of these consignment contracts was signed by the bank or by anyone to whom the right to sign was given. The testimony of plaintiff's own representative shows that the plaintiff applied to the cashier, or to the bank, for aid in obtaining them. They were drawn by plaintiff's agent with the names of these four individual defendants therein and for their respective signatures. Johnson, though he was cashier of the bank, was, in obtaining these signatures of the individual defendants, acting for and in behalf of the plaintiff, not for the defendant bank or for himself. Neither in his individual capacity, nor as cashier of the bank did he sign his own name to the two Atencios contracts, but their names by himself as their agent under their direction. The bank had nothing whatever to do with the contracts signed by Chavez and Yoder. When they were all signed they were turned over by Johnson to the plaintiff and there was no intimation at that time, so far as the evidence shows, that the plaintiff supposed that it was contracting with the bank as mortgagee or principal, or that it intended to hold the bank liable for reimbursement as specified in the contracts. When the contracts were signed by the respective consignors they were returned by Johnson to the plaintiff. There is not a particle of evidence that the bank authorized or negotiated the sale. It knew that the plaintiff was obtaining consignment contracts from its mortgagors and it is not in a position to question, and does not question, the validity of such consignments and did not object thereto at the time it obtained knowledge that the mortgagors were signing the contracts. This is a far different proposition, however, from that asserted by the plaintiff, that thereby the bank necessarily became bound by the provisions of the consignment contracts relating to reimbursement.

The contentions by the plaintiff are: First, that when the wool was sold under contracts signed by the mortgagors, the sale was made by them as agents for the bank mortgagee inasmuch as it had a mortgage on the wool; and, second, that the court erred in refusing evidence to prove that the bank was the principal in the several contracts; the third is error in the instructions given by the court to the jury. The first contention we have disposed of. As to the second there was no error in refusing the offer of plaintiff by parol evidence to prove that the bank was the principal in the several contracts. This judgment must be affirmed under the doctrine announced in *Chandler v. Coe*, 54 N. H. 561. That was a case where an attempt was made to charge the principal in a written contract which was signed by the defendant agent in his own name. The question was whether the principal was liable under a contract made by his agent for him and in the agent's name. The conclusion of the court as stated on page 567 of the opinion was that where there is a written contract, not under seal, executed in the name of an agent, parol evidence is admissible for charging an unknown or undisclosed principal, but not for the purpose of charging a known or disclosed principal. Even if it be true that the consignment contract constitutes a sale of the wool, which it does not, and the mortgagor in making the sale was the agent of the mortgagee bank, since the consignment contract was signed by the mortgagor in his own name, not in his own name as the business name of the bank, but in his own name as the contracting party, parol evidence that the mortgagor was acting as the agent of the bank, and that the bank was the real principal, was not admissible. The plaintiff at that time knew that the bank was the mortgagee of this wool. If the bank was the mortgagee and as such the principal, that fact was as well known by the plaintiff at the time it accepted the contracts signed by the agent as it was at the time of the trial. If plaintiff

was willing, as it was, to accept the consignment contract signed by the mortgagor defendant when it knew that he was merely a mortgagor and legal title of the wool was in the mortgagee, plaintiff cannot now recover from the mortgagee bank upon the ground that the mortgagee was the real principal and the real contracting party, since with full knowledge plaintiff took the consignment contract signed only by the mortgagor agent in his own name. The bank was not an unknown or undisclosed principal. It was a known and disclosed principal to the full knowledge of the plaintiff when it elected to take the written consignment of the mortgagor in his own name.

The third assignment as to the instructions may or may not be well taken. The court should have granted the defendant bank's motion for a nonsuit when it was interposed at the close of the trial. There was no evidence whatever that would justify a judgment against it. It is immaterial, therefore, whether there was error in the court's instructions. We do not say that the instructions were erroneous, but we do say that if the case was not properly submitted on the plaintiff's own theory that is error of which the plaintiff may not complain, because in no event under the facts produced, was the defendant bank liable.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.