No. 12,719.

Scofield *v.* Scofield.
(3 P. [2d] 794)

Decided September 14, 1931. Rehearing denied October 13, 1931.

Mr. HENRY A. LINDSLEY, Mr. HENRY S. LINDSLEY, Mr. E. CLIFFORD HEALD, for plaintiff in error.

Mr. PHILIP HORNBEIN, Mr. HAROLD G. KING, for defendant in error.

*In Department.*

Mr. Chief Justice Adams delivered the opinion of the court.

Dolly E. Scofield, plaintiff in error, hereinafter called plaintiff, brought suit against her former husband, William E. Scofield, defendant in error, hereinafter called defendant, on two causes of action. In the first cause she seeks to establish a resulting trust covering certain real estate in the city of Denver, standing in defendant's name, in his possession, and which she claims defendant agreed to convey to her. Also, to recover damages in the sum of $12,000 for unlawful eviction by force and threats. The second cause is to recover judgment in the sum of $19,000 for the support of the parties' minor son, an accumulation of alleged indebtedness over a period of nineteen years. Defendant denies both claims and pleads a former suit in bar. After the cause had reached a stage in the proceedings hereinafter more fully stated, plaintiff moved for a dismissal of her complaint without prejudice, which the court denied. Thereafter defendant moved for a dismissal with prejudice, which the court granted with equitable relief. Plaintiff prosecutes error because the dismissal was with prejudice instead of without.

The present suit was commenced on April 16, 1930. About six years prior thereto, the present defendant sued this plaintiff in the same district court for divorce. Both parties appeared there, in person and by attorney, and on September 22, 1924, after various hearings, the husband, plaintiff in the former case, obtained a final decree of divorce, after the wife had withdrawn her contest. That decree has remained unchallenged in court until questioned in this proceeding. Here, the defendant, in addition to general denials, has pleaded and proven the former action as res judicata, in bar of the present suit and has shown from the judgment roll in the former case that he and his then wife, the present plaintiff, there mutually agreed in writing as to the disposition to be

made of the real estate in question, and that she was to vacate the premises. Plaintiff replies that the present questions were not litigated or determined in the former case, and further, that defendant procured the divorce decree and property agreement by fraud. In consequence, she claims them to be void, but the trial court adopted defendant's view and accordingly directed the judgment of dismissal with prejudice.

The following events in the trial court preceded the judgment: The pleadings were settled, the court arranged its calender and set aside two days to try the case. On the day set for trial the parties appeared, but when the case was called, counsel for plaintiff moved for a continuance on the ground of the unavoidable absence of a material witness. The motion was supported by affidavit, but defendant's counsel conceded that if the witness were present, she would testify as stated in the affidavit, whereupon the court denied the motion for a continuance. The court then directed plaintiff to proceed with the testimony she had, and intimated that if it got to a point where plaintiff had nothing further to offer, the cause might stand over for further testimony if necessary in the interests of justice. This ended the effort for a continuance; plaintiff did not ask to have the case stand over, and assigns no error for failure to grant a continuance.

After the above ruling, plaintiff moved for a dismissal without prejudice, which motion was denied. Exception was saved and error assigned. The cause then took its natural course, the trial proceeded, and plaintiff's counsel cross examined defendant at length under the statute. At the conclusion of such examination, defendant's counsel moved for judgment of dismissal with prejudice, on the ground that there was nothing to try, since it appeared that the cause had been adjudicated and determined in the divorce proceedings. Plaintiff then moved for judgment on the pleadings. As said by the trial court in its final decree, "This matter, having come on for trial,

and the plaintiff, being engaged in putting on her proof the trial was interrupted and both parties moved for judgment," etc. The record further shows, and the decree recites, that it was stipulated, for the purpose of the motions, that all of the files and orders in the former case should be considered by the court. The former record is in evidence in the present case. The trial court denied plaintiff's motion for judgment on the pleadings (no error assigned), sustained defendant's motion for judgment of dismissal with prejudice, and in furtherance thereof ordered defendant's title in and to the real estate quieted as against the claims of plaintiff, directed the cancellation of a notice of lis pendens and attorney's lien, and enjoined plaintiff from asserting any further rights in the premises.

■ 1. Since counsel for plaintiff have not assigned error based on the refusal of plaintiff's motion for a continuance, or on the denial of her motion for judgment on the pleadings, we must accept those orders as correct, as they undoubtedly are. In consequence, we confine our examination of the record to two assignments of error, first, on the ground that the trial court refused to permit plaintiff to dismiss her complaint without prejudice, and second, that the court granted defendant's motion to dismiss the action with prejudice. Our determination of these questions will make it unnecessary to consider other numerous assignments of error, most of which counsel for plaintiff do not argue.

■■ 2. Plaintiff claims that she had an absolute right of dismissal without prejudice under section 184 of the 1921 Code, which reads in part as follows: "Sec. 1. An action may be dismissed or a judgment of non-suit entered, in the following cases: First—By the plaintiff himself, at any time before trial, upon the payment of costs, if a counter claim has not been made. * * *." But the above words, "before trial" mean before the commencement of the trial, and thereafter plaintiff was not entitled to dismiss as a matter of right. *Reagan v. Dyr-*

*enforth,* 87 Colo. 126, 135, 285 Pac. 775; *Empire Co. v. Herrick,* 22 Colo. App. 394, 398, 399, 124 Pac. 748. After. plaintiff had invoked the jurisdiction of the court, the court disposed of preliminary motions and a demurrer, arranged its calendar, set apart two days for trial, the court convened and the parties appeared in open court, presumably for nothing but trial, and motion for continuance was denied. It cannot be said under such circumstances that the trial was not in progress. It was under way, otherwise the denial of a continuance was abortive. A similar 'interpretation of the words "before trial," will be found in *Fleming v. Fire Association,* 76 Ga. 678. See also *State v. Johnson,* 24 S. D. 590, 601, 124 N. W. 847; *St. Anthony Co. v. King Co.,* 23 Minn. 186, 188.

■■ 3. We cannot ignore defendant's rights under section 194 of the 1921 Code, which is to be considered in connection with section 184 above quoted. Section 194 reads in part as follows: "When a cause is regularly reached upon the calendar, either party may bring the issue to a trial or to a hearing; * * *." In the interests of justice, trials must be expedited. *Benster v. Bell,* 83 Colo. 587, 591, 267 Pac. 792. Payment of costs is also a condition precedent under section 184, and it does not appear that they were paid or tendered. Plaintiff had no absolute right of dismissal without prejudice under above conditions, and if considered as a discretionary power in the court, it was wisely exercised.

■ 4. If the identity of parties and subject matter in the two cases is such that defendant's plea of res judicata lies, the dismissal with prejudice was right, to prevent plaintiff from repeatedly harassing defendant on the same cause or causes of action. A comparison of the two suits shows such identity. Plaintiff's present complaint is replete with allegations of defendant's marital misconduct, which occurred, if at all, before he obtained the divorce. If such charges were true, she could have proven them in the former action and defeated his re-

covery there, and if she were innocent, they were such as to entitle her to a divorce. The real estate in question was also involved in the former case. Plaintiff, defendant in the first case, was there restrained by a temporary court order, from going into the place, and also agreed, in writing, to vacate the premises, all of which appears from the judgment roll in the former suit. Plaintiff's present allegation that defendant agreed to convey such property to her is inconsistent with the former record. It further appears therefrom that the custody of the child was awarded to the father, with the provision that the mother might visit the child. Alimony was there requested and allowed and it is not shown that it was not paid. A stipulation was there finally entered into, wherein it is stated that ''All matters of difference concerning property rights, alimony, court costs and counsel fees have been satisfactorily adjusted between the parties hereto * * *.'' Defendant's plea and proof of res judicata was good.

5. Notwithstanding the above, counsel for plaintiff devote a chapter of their brief to the proposition that: ''The divorce decree was void because the parties had resumed and were occupying the marital relation when the decree was entered, and the defendant, in applying for the decree, concealed this from the court, thereby working a fraud upon the court and upon this plaintiff, which fraud was extrinsic, and rendered the decree subject to attack.'' We have quoted the words of plaintiff's counsel, but they overlook the fact that if defendant perpertrated a hoax on the court, whether by intrinsic or ''extrinsic'' methods, he could not have committed such act without plaintiff's knowledge and consent. If that which she now says is true, her own participation, knowledge and concealment of the facts from the court make her as culpable as defendant. She withdrew her contest in the former suit, acquiesced in the decree for more than five years, and now, to serve present ends, claims the proceedings were void on the ground that the court was

hoodwinked. If this be so, it was accomplished by means of a conspiracy to which she was undeniably a party, but we have repeatedly held that a party cannot plead his or her own wrong as a ground of obtaining relief. Such overtures do not command the interposition of courts. We encourage reconciliations, but the parties live apart, defendant is said to have since married another woman, and, be that as it may, events subsequent to the first suit show that plaintiff and defendant have not been reconciled.

6. We do not hold that a court may not, in a proper case, set aside a fraudulently obtained decree, either on its own motion or on the relation of an interested party who applies in apt time, when it appears that the interests of society or the state require that such decree be vacated, or that justice so demands, but in the present case we shall follow the rule announced in *Hubbard v. Hubbard,* 19 Colo. 13, 34 Pac. 170, as there stated in the first paragraph of the syllabus: ''A defendant who by collusive agreement and for a promised consideration has by her silence aided the plaintiff in imposing upon the court and procuring a decree of divorce, and who has remained silent for more than a year before applying for relief, and then only upon failure to realize the promised consideration, is not entitled to favorable consideration.''

7. Counsel for plaintiff cite *Reagan v. Daniels,* 70 Colo. 373, 201 Pac. 889, and numerous other authorities, to show that a judgment on the pleadings will not lie when a material issue of fact is tendered. Such references might be in point if the court had sustained plaintiff's motion for judgment on the pleadings, but they have no bearing on defendant's motion for judgment, which was on the record, and which the court granted. This is the judgment under review. It surveys more than merely the pleadings; it also embraces a consideration of certain evidence, particularly the judgment roll in the former case. The parties so elected by their stipulation.

 8. The effect of the stipulation of counsel in open court to submit the cause to the court for final judgment on the pleadings and on the evidence adduced at the time of the motions, was to preclude the introduction of further evidence after the pronouncement of the judgment. When each side insisted on a dismissal, the only question was as to terms, i. e., whether with or without prejudice. This was determinable by the record as then made. It may be truthfully said that it left the major part of the plaintiff's case unproven, with a wide gap between pleadings and proof, but this is only an additional ground of affirmance. It is to be noted that although plaintiff's counsel was urged by the court to go on with the case, nevertheless plaintiff did not testify, nor did her counsel avail themselves of the suggestion of the court, made at the outset of the trial, that if it became necessary, the cause might stand over for further hearing. The court did not refuse to admit any proffered testimony, and no error is assigned based either on the admission or rejection of evidence. The extended statement in the brief of counsel for plaintiff in error of the things she intended to prove is therefore immaterial. In other words, when they voluntarily agreed to submit the cause on a fraction of the evidence, their disappointment in the result does not entitle them to a reversal to augment the proof. This is more apparent when the evidence admitted shows that the present suit is concluded by the former. It is well settled that this court will not reverse a case when it conclusively appears that a retrial must result in the same judgment. *Ryan v. Cordas*, 76 Colo. 191, 195, 230 Pac. 608; *Warshauer Co. v. Rio Grande State Bank*, 79 Colo. 540, 547, 247 Pac. 183.

Judgment affirmed.

MR. JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.