THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. TIBURCIO CASTRO SUÁREZ, Defendant and Appelant.

No. 9774. Argued April 27, 1943.—Decided May 3, 1943.

R. Arjona Siaca and A. Figueroa Rivera for appellant. R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

After holding a trial de novo upon appeal, the District Court of Humacao entered judgment against Tiburcio Cas-

tro Suárez, finding him guilty of aggravated assault and battery and sentencing him to the payment of a $50 dollar fine and to be confined in jail one day for each dollar left unpaid. The defendant asked for the reconsideration of the sentence. The court stayed the same in the meantime, and granted him a term to file a written motion, which defendant did. Several days afterwards and before said motion was heard and decided, the party aggrieved by defendant's revolver shot filed a motion stating that "he had received satisfaction for all the damages that he could have suffered as a consequence of the facts charged in the complaint against the defendant" and asked that, in accordance with §446 of the Code of Criminal Procedure "all proceedings in this case be stayed, the defendant being discharged therefrom." The court, after hearing the parties, overruled the motion filed by the aggrieved party and again passed sentence on the defendant in the same terms as previously.

In this appeal the appellant alleges that the inferior court erred in denying discretion in itself to decide the aggrieved party's motion in favor of the defendant; in not considering said motion in accordance with §446 of the Code of Criminal Procedure; and in entering judgment contrary to the evidence and the law.

The first two assignments of error involve the same question and can be considered together.

Section 446 of the Code of Criminal Procedure provides the following:

"If the party injured appears before the court to which the depositions are required to be returned, at any time before trial, and acknowledges that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs incurred order all proceedings to be stayed upon the prosecution, and the defendant to be discharged therefrom; but in such case the reasons for the order must be set forth therein, and entered on the minutes. The order is a bar to another prosecution for the same offense."

The phrase *"en cualquier momento antes de la celebración del juicio,"* used in the Spanish text, reads in its English version: "At any time before trial."

The court below decided that said phrase means "before the commencement of the trial and not during and much less after the trial." It is our opinion that it did not err in interpreting the clear and specific terms of the law. See, by analogy, *Fisk* v. *Henarie,* 142 U. S. 459; *Scofield* v. *Scofield,* 3 P. (2d) 794; *Bettis* v. *Schreiber,* 17 N. W. 863, and 26 R.C.L. 744, and 5 Words and Phrases 274.

The only question raised before it and decided by the trial court and which is now before us is whether the motion was filed in time. Cf. *People* v. *Galarza,* 60 P.R.R. 203.

█ Nor can we hold that the court committed error in weighing the evidence. In deciding the conflict that existed in the same, the court *a quo* stated "that it could not believe the version about the knife"; that is, it did not believe defendant's evidence tending to prove that the injured party had a knife with which he tried to attack the defendant when he tried to take him with him, so that he would not keep arguing with another person and that it was then that the defendant fired his revolver in self-defense. This theory having been discarded by the court, the evidence was sufficient to prove the illegal use that the defendant made of the weapon.

The judgment appealed from is affirmed.