EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* TIBURCIO CASTRO SUÁREZ, acusado y apelante.

Núm. 9774.—*Sometido:* Abril 27, 1943. *Resuelto:* Mayo 3, 1943.

*R. Arjona Siaca* y *A. Figueroa Rivera*, abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

Εl Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Después de celebrarse un juicio *de novo* en grado de apelación, la Corte de Distrito de Humacao dictó sentencia contra Tiburcio Castro Suárez declarándolo culpable de un delito de acometimiento y agresión grave y lo condenó a pagar una multa de $50 ó a cumplir un día de cárcel por cada dólar que dejare de pagar. El acusado solicitó la reconsideración de la sentencia y la corte la dejó sin efecto concediéndole un término para radicar su moción por escrito, lo que hizo. Empero, varios días después y antes de haberse visto y resuelto dicha moción, el perjudicado por el disparo de revólver que le había hecho el acusado, radicó una moción haciendo constar que "ha sido resarcido de todos los daños que hubieran podido ocasionársele con motivo de los hechos alegados en la denuncia contra el acusado" y solicitó que, de acuerdo con el artículo 446 del Código de Enjuiciamiento Criminal, "se suspenda la continuación de los procedimientos en este caso, quedando el acusado exonerado en relación con los mismos". Oídas las partes la corte inferior declaró sin lugar la moción del perjudicado y procedió de nuevo a dictar sentencia contra el acusado en los mismos términos que la anterior.

En este recurso alega el apelante que la corte inferior erró al negarse a sí misma discreción para resolver la moción del perjudicado a favor del acusado; al no considerar dicha moción de acuerdo con el artículo 446 del Código de Enjuiciamiento Criminal, y al dictar una sentencia contraria a la prueba y a derecho.

Los dos primeros señalamientos envuelven una misma cuestión y pueden considerarse conjuntamente.

El artículo 446 del Código de Enjuiciamiento Criminal dispone lo siguiente:

"Si la parte perjudicada comparece ante el Tribunal al que hayan de ser remitidas las declaraciones en cualquier momento antes de la

celebración del juicio, y reconoce plenamente que ha recibido rep
ración por el daño causádole, el tribunal puede decretar, discreciona
mente y previo pago de las costas devengadas, que se suspendan tod
los procedimientos en persecución del delincuente, y que éste que
exonerado de la culpa; pero en tal caso los fundamentos que tenga
tribunal para dictar el auto deben exponerse en éste, e insertarse e
el acta del tribunal. Dicho auto imposibilita la instrucción de ot
proceso por el mismo delito.''

La frase ''en cualquier momento antes de la celebració
del juicio'', usada en el texto español, dice en su texto inglé
así: *''at any time before trial''*.

La corte inferior resolvió que dicha frase significa ''ante
de empezar el juicio y no durante ni mucho menos despué
del juicio''. Somos de opinión que no erró al interpretar lo
términos claros y específicos de la ley. Véase por analogí
*Fisk* v. *Henarie*, 142 U. S. 459; *Scofield* v. *Scofield,* 3 P. (2d
794; *Bettis* v. *Schreiber,* 17 N. W. 863 y 26 R.C.L. 744, y
Words and Phrases 274.

La única cuestión planteada y resuelta por la corte sen
tenciadora y ahora ante nos es si la moción fué presentad
en tiempo. *Cf. Pueblo* v. *Galarza,* 60 D.P.R. 208.

Tampoco podemos decir que cometiera error al apre
ciar la prueba. Al resolver el conflicto que en ella existe l
corte *a quo* hizo constar ''que no podía creer la versión de
cuchillo''; es decir, no creyó la prueba del acusado tendent
a demostrar que el perjudicado había sacado un cuchillo para
atacar al acusado en momentos en que éste trató de llevár-
selo para que no siguiera discutiendo con otra persona y que
fué entonces que el acusado le disparó su revólver en defensa
propia. Descartada esta teoría por la corte, la prueba apor-
tada fué suficiente para dejar demostrado el uso ilegal que
del arma hizo el acusado.

*Debe confirmarse la sentencia apelada.*